UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEUBEN FOODS, INC.,

                      Plaintiff,                 **DECISION AND ORDER**
                                                                                          10-CV-781A

      v.

SHIBUYA HOPPMANN CORP.,

                      Defendant.

---

**I.    INTRODUCTION**

      Pending before the Court are three different motions filed by the two parties in this case. Defendant Shibuya Hoppmann Corporation has filed a motion (Dkt. No. 53) for entry of a protective order that would govern the exchange of information that the parties consider confidential to at least some extent. Defendant also has filed a motion (Dkt. Nos. 73, 77) to stay the existing scheduling order and to compel plaintiff to specify its infringement contentions in the style of the Patent Local Rules from the United States District Court for the Northern District of California. As noted in the proposed schedule (Dkt. No. 48-1) submitted pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), the parties agreed voluntarily to use those Patent Local Rules in this case. Finally, plaintiff has filed a motion (Dkt. No. 76) for leave to amend the complaint to add Shibuya Kogyo Co., Ltd. ("Kogyo") as a second defendant. In

short, the arguments from each side regarding the respective motions reduce to how to manage different levels of confidentiality for different information; whether plaintiff has provided enough detail about its infringement contentions; and whether the Court should permit plaintiff to amend the complaint to include Kogyo, which purchased all of defendant's shares in 2005.

The Court deemed all three motions submitted on papers pursuant to FRCP 78(b). For the reasons below, the Court grants plaintiff's motion for leave to amend[1] and denies both of defendant's motions without prejudice to renew as needed after Kogyo formally appears in the case.

## II.   BACKGROUND

The Court assumes familiarity with the case and will not repeat background details more than necessary. Very briefly, however, this case concerns plaintiff's allegations that defendant manufactures and sells automated bottling machines that infringe on six of its patents. Among other products or services, both parties manufacture and sell "aseptic filling systems"—that is, automated machines that fill aseptically sterilized bottles at high rates of speed.

Defendant filed its motion for a protective order after the parties could not agree on several issues related to managing confidential information. The first

---

[1] The Second Circuit has considered motions to amend pleadings non-dispositive. *See Kilcullen v. N.Y.S. Dep't of Transp.*, 55 Fed. App'x 583, 584, 2003 WL 151251 at *1 (2d Cir. Jan. 15, 2003) (unpublished decision).

issue is who could view information designated as "confidential."[2]  Plaintiff believes that any party employee should be allowed to see "confidential" information, while defendant would restrict access to a limited number of employees, none of whom could be "involved in competitive decisionmaking." (Dkt. No. 54 at 11.)  The second issue is whether each party should have notice and an opportunity to object before the opposing party shares confidential information with employees or outside experts.  Defendant wants notice; plaintiff objects in part on the grounds that such notice essentially would upset the FRCP 26 structure for disclosure of trial experts.  The third issue concerns the scope of the proposed "patent prosecution bar."  The parties have agreed that anyone accessing confidential or highly confidential information should not be allowed to participate in prosecuting patent applications pertaining to the patents in question in this case.  However, defendant wants that prohibition to include the ongoing re-examination proceedings for the two patents in this case that have been challenged.  Plaintiff opposes this expansion in part on the grounds that patent claims can only be narrowed, not expanded, during re-examination proceedings, meaning that nothing can happen in the re-examination proceedings that would hurt defendant's interests.

---

[2] The parties agree that there should be a second, higher level of confidentiality called "highly confidential," and that party employees should not be allowed to see "highly confidential" information.

As for the motion to stay the scheduling order and to compel infringement contentions, defendant argues that plaintiff is not following the Patent Local Rules that it agreed to apply to this case.  Specifically, defendant argues that plaintiff's initial infringement contentions did not identify products that allegedly infringed particular claims and did not present its information in the required format.  Plaintiff counters that it provided additional voluntary details after defendant filed its motion, and that these additional details suffice under the Patent Local Rules.

While defendant's motions were pending, plaintiff filed its own motion for leave to amend the complaint.  Plaintiff wants to add Kogyo as a defendant because Kogyo owns all of defendant's shares.  According to plaintiff, Kogyo's direct participation in this case will help eliminate some ambiguities and some discovery disputes that have arisen regarding the relationship between certain corporate entities connected to defendant and regarding which corporations will produce documents for which time frames.  Plaintiff acknowledges that its request has come some three months after the deadline in the scheduling order for motions to amend.  Nonetheless, plaintiff claims to have good cause for an amendment in that document production will proceed more smoothly; the claims against Kogyo would be identical to the claims against defendant; and the avoidance of a second lawsuit against Kogyo would promote judicial economy.  Defendant opposes leave to amend by citing to plaintiff's admission that it knew from the beginning of this case that Kogyo had some role in promoting the

allegedly infringing machinery.  According to defendant, plaintiff is trying to backtrack from a conscious decision not to include Kogyo in the original complaint.

## III. DISCUSSION

### A. *Motion for Leave to Amend*

The Court will address plaintiff's motion for leave to amend first, because adding a defendant to this case might affect how to proceed with the other pending motions.

The first issue to resolve under the motion for leave to amend is what standard to apply.  Plaintiff seeks leave under a combination of FRCP 15(a) and 20(a)(2), but this approach would ignore that this Court set a scheduling order on November 2, 2011 (Dkt. No. 52) that, in turn, set a December 2, 2011 deadline for motions seeking to join parties and to amend pleadings.  "[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause.  Moreover, . . . a finding of 'good cause' depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (citations omitted); *accord Presbyterian Church Of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 267 (2d Cir. 2009) ("Once the deadline for amendment in a scheduling order has passed, leave to amend may be denied 'where the moving party has failed to establish

good cause.'") (citing *Parker*). Plaintiff's request thus hinges on FRCP 16(b) and whether it has established good cause for an amendment of the scheduling order.

The standard for modifying a scheduling order is straightforward. "A schedule may be modified only for good cause and with the judge's consent." FRCP 16(b)(4). As the Second Circuit noted in *Parker*, diligence is a factor when assessing good cause. *See also Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) (Arcara, *J.*) ("'Good cause' means that scheduling deadlines cannot be met despite a party's diligence.") (citations omitted). "It is not, however, the only consideration. The district court, in the exercise of its discretion under Rule 16(b), also may consider other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "This Court interprets *Kassner* to mean that a district court is obliged to consider the diligence of the moving party, as the 'primary' consideration, and it may consider other factors such as the prejudice to the non-moving party, where the consideration of such other factors is necessary to a reasonable exercise of discretion. For example, where the moving party was diligent, but allowing the amendment would prejudice the non-moving party because discovery was complete and the case was ready for trial. Therefore, the consideration of prejudice (or the lack thereof) to the non-moving party will depend on the circumstances of each case." *Kodak*

*Graphic Commc'ns Canada Co. v. E.I. Du Pont de Nemours & Co.*, No. 08-CV-6553, 2011 WL 6826650, at *3 (W.D.N.Y. Dec. 28, 2011) (Telesca, *J.*).

The circumstances of this case weigh in favor of granting plaintiff leave to amend. On December 15, 2011—nearly two weeks after the deadline for motions to amend pleadings—defendant responded to plaintiff's first set of interrogatories by refusing to submit any answers on behalf of Kogyo. (*See* Dkt. No. 76-2 at 4-5.) Defendant refused to provide information for Kogyo specifically because Kogyo then was not a party, even though subsidiaries can produce documents pertaining to their parent companies.[3] Although the parties might dispute exactly what happened after that point, plaintiff has indicated that subsequent discovery disputes arose that at least partly related to Kogyo's absence from this case, including some ambiguity about the exact relationship between defendant, Kogyo, and another related company that has since ceased

---

[3] *See U.S. v. Stein*, 488 F. Supp. 2d 350, 361 (S.D.N.Y. 2007) ("Parent corporations have been compelled to produce documents in the hands of subsidiaries, [and] subsidiaries documents in the hands of their parent entities . . . .") (citations omitted); *Ferber v. Sharp Elecs. Corp.*, No. 84 Civ. 3105(RO), 1984 WL 912479, at *1 (S.D.N.Y. Nov. 28, 1984) ("[I]t appears that if circumstances exist that indicate some form of 'control' by the subsidiary over the documents and information sought—even if the documents or other information are in the possession of the parent—the subsidiary may be required to produce the requested data or at least to make a good faith effort to do so.") (citations omitted); *see also MicroAire Surgical Instruments, LLC v. Arthrex, Inc.*, No. 3:09-cv-00078, 2010 WL 2757351, at *7 n.3 (W.D. Va. July 13, 2010) (citing *Ferber*); *see also Lufthansa Technik AG v. Astronics Corp.*, No. 11–CV–628, 2011 WL 3957509, at *3 n.1 (W.D.N.Y. Sept. 7, 2011) (Arcara, *J.*) (citing the above cases).

operations. Although plaintiff did not file the pending motion until March 9, 2012, the chronology above indicates that the disputes stemming from Kogyo's absence began after the relevant deadline in the scheduling order passed. The proposed amended complaint would begin to address some of the ongoing disputes by requiring Kogyo's direct participation, subject to any pre-answer motion practice by Kogyo. Under these circumstances, plaintiff arguably could not have filed its motion before the relevant deadline in the scheduling order passed. Additionally, this case still is early enough in discovery that defendant will not suffer the kind of prejudice that Judge Telesca contemplated in *Kodak*. Finally, permitting the proposed amendment will serve judicial economy because plaintiff could sue Kogyo in a separate action, which then would require the Court to coordinate two different cases with identical claims.

  For the above reasons, then, the Court finds good cause to modify its scheduling order retroactively to permit plaintiff's pending motion. Having considered the motion, the Court grants the motion for leave to amend. Plaintiff shall file both an amended complaint and proof of service of that amended complaint within 30 days of entry of this Decision and Order. To the extent that an amended scheduling order might be necessary to reflect Kogyo's entry into the case, the Court will instruct the parties as necessary after Kogyo formally appears.

### B. *Remaining Motions*

Since the Court has decided to grant plaintiff's motion for leave to amend, a new factor counsels against ruling on defendant's two pending motions at this time. Although the Court cannot predict to what extent this might be true, Kogyo's entry into this case might change the discussions between the parties regarding document production and management, access to confidential information, and compliance with the Patent Local Rules. The Court thus denies defendant's pending motions, but without prejudice to renew in updated form after Kogyo formally appears.

### IV. CONCLUSION

For all of the foregoing reasons, the Court grants plaintiff's motion for leave to amend the complaint (Dkt. No. 76). The Court denies defendant's motion for a protective order (Dkt. No. 53) without prejudice. The Court also denies defendant's motion to compel and to stay the scheduling order (Dkt. No. 73, 77), also without prejudice. Defendant has leave to renew its motions later, as needed.

SO ORDERED.

/s Hugh B. Scott
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: August 3, 2012