UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | | |
| | Plaintiff, | **PROTECTIVE ORDER** |
| v. | | 1:10-cv-00780-EAW-JJM |
| OYSTAR GROUP, ET AL., | | |
| | Defendants. | |

_____

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | | |
| | Plaintiff, | |
| v. | | 1:10-cv-00781-EAW-JJM |
| SHIBUYA HOPPMAN CORPORATION, ET AL., | | |
| | Defendants. | |

_____

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | | |
| | Plaintiff, | |
| v. | | 1:12-cv-00904-EAW-JJM |
| GEA PROCESS ENGINEERING, INC., ET AL., | | |
| | Defendants. | |

_____

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | | |
| | Plaintiff, | |
| v. | | 1:13-cv-01118-EAW-JJM |
| JASPER PRODUCTS, LLC, | | |
| | Defendant. | |

_____

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | | |
| | Plaintiff, | |
| v. | | 1:13-cv-00892-EAW-JJM |
| NESTLÉ USA, INC., | | |
| | Defendant. | |

_____

WHEREAS, JBT ICS Solutions U.S. Inc. ("JBT"), a non-party to the above captioned actions (together, the "Litigation") is in possession of documents, things, or materials containing confidential or proprietary technical and commercially sensitive information that belongs either to JBT or JBT's customers ("Confidential Information"), which information has been requested in the Litigation;

WHEREAS, Plaintiff Steuben Foods, Inc. ("Steuben") is further in possession of such Confidential Information, subject to confidentiality agreements with JBT;

WHEREAS, JBT asserts that dissemination and disclosure of the Confidential Information could severely injure or damage JBT or its customers and producing the Confidential Information could place JBT or its customers at a competitive disadvantage;

WHEREAS, the entry of a protective order will help facilitate third-party discovery and address third parties' potential concerns about the confidentiality of their information;

NOW THEREFORE, be it ordered as follows:

Documents that include the Confidential Information of JBT, or its predecessor Stork Food & Dairy Systems B.V. ("Stork"), which are produced by either JBT or any other party in this Litigation are still subject to the terms of the Protective Orders that have been previously entered by the Court in these cases (the "Protective Orders"), including with regard to documents demarcated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

Additionally, the production of JBT's information that reveals technical details about JBT or its customers' business may be produced designated "ATTORNEYS' EYES ONLY."

Materials designated as "ATTORNEYS' EYES ONLY" may include Highly Confidential Information as defined in the Protective Orders relating to competitive information about the technical specification and pricing of JBT's aseptic filling machines, where JBT reasonably and in good faith believes that such information is so highly sensitive that its disclosure to employees of a competitor could reasonably be expected to result in injury to JBT.

Unless authorized by JBT in writing, no information designated as "ATTORNEYS' EYES ONLY" shall be shared with any officer, director or employee, <u>including, without limitation, in-house attorneys,</u> of the Receiving Party.

In addition, JBT pricing information may be redacted from documents produced by JBT or any party to the Litigation

This Protective Order applies to JBT information contained in documents produced before the date of this Order, as well as documents produced after the date of this Order, regardless of the party that produced such documents, whenever those prior productions have included "ATTORNEYS' EYES ONLY" designations or wherever JBT's pricing information was redacted.

The foregoing is without prejudice to the right of any party to seek modification of the terms of this Protective Order for good cause.

**SO ORDERED**.

Dated: February 1, 2017

<u>/s/ Jeremiah J. McCarthy</u><br>
JEREMIAH J. MCCARTHY<br>
United States Magistrate Judge