UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEUBEN FOODS, INC.,

          Plaintiff,

v.

SHIBUYA HOPPMANN CORPORATION,
SHIBUYA KOGYO CO., LTD., and HP HOOD
LLC,

          Defendants.

**DECISION AND ORDER**

1:10-CV-00781 EAW

---

## INTRODUCTION

Plaintiff Steuben Foods, Inc. ("Plaintiff") has sued Defendants Shibuya Hoppmann Corp., Shibuya Kogyo Co. Ltd., and HP Hood LLC (collectively "Defendants") for patent infringement under 35 U.S.C. §§ 100 *et seq.* (Dkt. 1). On April 15, 2013, this matter was referred to Magistrate Judge Jeremiah J. McCarthy for hearing and disposition of all non-dispositive motions or applications, supervision of discovery, and to hear and report upon dispositive motions for consideration by the district judge. (Dkt. 112). Judge McCarthy subsequently entered a protective order dated April 16, 2014, which permits a party producing material to designate such material as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." (Dkt. 148) (hereinafter the "Protective Order"). Material designated "HIGHLY CONFIDENTIAL" may be disclosed only to certain enumerated persons, including up to three in-house counsel.

(*Id.*).  Defendants had requested that the Protective Order provide that "HIGHLY CONFIDENTIAL" materials be disclosed only to outside counsel and experts, but Judge McCarthy denied that request, holding that Defendants had failed to articulate any reason to justify this heightened level of protection. (*See* Dkt. 140 at 2; Dkt. 144 at 16).

On May 27, 2016, Defendants filed a motion seeking to amend the Protective Order, again asking Judge McCarthy to allow designation of documents for "outside attorneys' eyes only" (hereinafter "OAEO"). (Dkt. 227). Specifically, Defendants stated that Plaintiff had refused to produce certain material on the basis that it had a contractual obligation to a third party to maintain such material as confidential, and argued that inclusion of an OAEO designation in the Protective Order would resolve this discovery dispute. (*See* Dkt. 227-1 at 5). In the alternative, Defendants asked that the Court compel Plaintiff to produce the withheld material without an OAEO designation. (*Id.*). Plaintiff opposed the motion (Dkt. 236), and on September 23, 2016, Judge McCarthy entered a Text Order holding that while a party could not utilize an OAEO designation for its own materials, third parties would be permitted to intervene and request that their materials be designated OAEO. (Dkt. 255). Defendants appealed Judge McCarthy's determination to the undersigned on October 7, 2016. (Dkt. 260). For the reasons set forth below, Defendants' appeal is denied.

## DISCUSSION

### I. Standard of Review

A district court will reverse a magistrate judge's ruling on a non-dispositive issue only where it was "clearly erroneous or contrary to law." *See Thurmond v. Bowman*, 199 F. Supp. 3d 686, 689 (W.D.N.Y. 2016). "The clearly erroneous/contrary to law standard of review is 'highly deferential' and 'a district court may reverse the order only if on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (quoting *Rodriguez v. Pie of Port Jefferson Corp.*, 48 F. Supp. 3d 424, 425 (E.D.N.Y. 2014)).

Here, Defendants rely on two unpublished, out-of-circuit decisions to argue that the Court should afford no deference to Judge McCarthy's ruling because he did not issue a written opinion or detailed explanation for his order. (*See* Dkt. 260-1 at 5-6). The Court disagrees. Judge McCarthy had already explained, on the record, his reasons for not including an OAEO designation in the Protective Order. (*See* Dkt. 144 at 16). He was not required to repeat that ruling in response to Defendants' most recent request. Instead, he entered a Text Order dealing with the specific issue raised by Defendants' motion—namely, how to protect the interests of third parties with confidentiality interests in material relevant to this litigation. Under these circumstances, the Court has no trouble discerning the rationale behind Judge McCarthy's ruling and, accordingly, reviews it under the deferential clear error/contrary to law standard.

## II.   Judge McCarthy's Ruling was Free from Error

"Whether to lift or modify a protective order is a decision committed to the sound discretion of the trial court." *In re Agent Orange Prod. Liab. Lit.*, 821 F.2d 139, 147 (2d Cir. 1987). The Court weighs four factors when considering a request to modify a protective order: "(1) whether good cause exists for the modification, (2) the nature of the protective order, (3) the foreseeability, at the time of issuance of the order, of the modification requested, and (4) the parties' reliance on the order." *Lee Shuknecht & Sons, Inc. v. P. Vigneri & Sons, Inc.*, 927 F. Supp. 610, 614 (W.D.N.Y. 1996).

Here, Judge McCarthy properly concluded that modification of the Protective Order to provide for an OAEO designation was not warranted. The Protective Order at issue has been in place for more than four years, and the parties have conducted extensive discovery under its provisions. The foreseeability of Defendants' request is amply illustrated by the fact that they previously requested an OAEO designation at the time the Protective Order was initially entered. Defendants had the opportunity at that time to present a full case for why such a designation was needed, and could have asked for district judge review of the Protective Order at that time, but chose not to do so. Additionally, Defendants have failed to show good cause for creation of a general OAEO designation, because the procedure established by Judge McCarthy (namely, allowing third parties to seek protection of their confidential materials) addresses the precise issue raised by Defendants in their motion.

Defendants claim that Judge McCarthy's order was somehow "unfair," because it "affords non-parties greater protection for their highly sensitive materials than parties." (Dkt. 260-1 at 11). This argument is without merit. As other courts have noted, "the risk of harm to non-parties from disclosure is significant due to their inability to be present at day-to-day proceedings. . . ." *In re Northshore Univ. Healthsystem*, 254 F.R.D. 338, 342 (N.D. Ill. 2008); *see also Equal Emp't Opportunity Comm'n v. Kronos Inc.*, 694 F.3d 351, 368 (3d Cir. 2012) (finding no error in providing additional protection to business interests of a third party); *Crane Plastics Co. v. Louisiana-Pac. Corp.*, 119 F. Supp. 2d 749, 751 (S.D. Ohio 2000) ("[T]he Court assigns greater weight to the confidentiality interests asserted by a non-party to the litigation. . . ."). In other words, it is appropriate to provide additional protections for non-parties who are uninvolved in the day-to-day litigation of this matter and, therefore, are disadvantaged with respect to their ability to protect their business interests. This is precisely what Judge McCarthy did in this matter.

Based on the foregoing, the Court concludes that Judge McCarthy's resolution of Defendants' motion to modify the Protective Order was free from error. Moreover, and for the same reasons, the Court would reach the same conclusion Judge McCarthy reached were it to consider the issue *de novo*.

### III.    Defendants' Alternative Request is Denied

Defendants have made an alternative request that the Court, in essence, reverse Judge McCarthy's Text Order and not permit third parties the opportunity to seek

additional protection for their confidential material. (*See* Dkt. 260-1 at 20-21). This request is denied. As set forth above, additional protections for third parties are often appropriate, and the Court finds no error in Judge McCarthy's decision to allow them in this matter. Indeed, third party JBT ICS Solutions U.S., Inc. has already gone to the time and expense of filing a motion for a protective order covering its confidential material (*see* Dkt. 267), which Judge McCarthy granted on February 1, 2017. (*See* Dkt. 305; Dkt. 306). Defendants have failed to establish any grounds for upending this procedure.

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' appeal (Dkt. 260) of Judge McCarthy's resolution of their motion to modify the Protective Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: April 25, 2017
       Rochester, New York