UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

STEUBEN FOODS, INC.,

Plaintiff,

v.

SHIBUYA HOPPMANN CORP., SHIBUYA
KOGYO CO. LTD, and HP HOOD LLC,

Defendants.

**DECISION AND ORDER**

1:10-CV-00781 EAW

---

## INTRODUCTION

Plaintiff Steuben Foods, Inc. ("Plaintiff") has sued Defendants Shibuya
Hoppmann Corp., Shibuya Kogyo Co. Ltd., and HP Hood LLC (collectively
"Defendants") for patent infringement under 35 U.S.C. §§ 100 *et seq.* (Dkt. 1). On April
15, 2013, this matter was referred to Magistrate Judge Jeremiah J. McCarthy for hearing
and disposition of all non-dispositive motions or applications, supervision of discovery,
and to hear and report upon dispositive motions for consideration by the district judge.
(Dkt. 112).

On July 13, 2017, Defendants filed a motion asking the Court to dismiss the
complaint based on improper venue or, in the alternative, to transfer the matter to the
United States District Court for the District of Delaware. (Dkt. 340). Plaintiff opposed
the motion and on October 19, 2017, Judge McCarthy entered a report and

-1-

recommendation in which he recommended that the Court deny Defendants' motion. (Dkt. 353). Based on subsequent developments in the case law, on November 16, 2017, Judge McCarthy vacated the pending report and recommendation and permitted the parties to submit additional briefing. (Dkts. 361-62). On January 16, 2018, Judge McCarthy entered a second report and recommendation (the "R&R") in which he recommended that the Court deny Defendants' motion without prejudice to renewal upon completion of claim construction. (Dkt. 371). Defendants have filed objections to the R&R (Dkt. 372), which are now pending before the Court. For the reasons discussed below, the Court adopts the R&R in its entirety and denies Defendants' motion to dismiss or transfer venue without prejudice to renewal upon completion of claim construction.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural background underlying this motion are set forth in Judge McCarthy's initial report and recommendation dated October 19, 2017, and in the currently pending R&R, familiarity with both of which is presumed for purposes of this Decision and Order.

## DISCUSSION

I.      **Standard of Review**

Pursuant to 28 U.S.C. § 636(b)(1)(C), where a party makes specific objections to a magistrate judge's report and recommendation, the district judge must "make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The Court reviews unobjected-to findings for clear error." *Am. Ins. Co. v. City of Jamestown*, 914 F. Supp. 2d 377, 384 (W.D.N.Y. 2012). After conducting its review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

In this case, Defendants have objected to Judge McCarthy's conclusion that consideration of the merits of their motion should be deferred until after claim construction. Specifically, Defendants contend that their motion is indisputably meritorious and that dismissal or transfer is therefore mandatory. The Court has reviewed this issue *de novo* and, for the reasons discussed below, overrules Defendants' objections.

## II.    Deferral of Consideration of the Merits of Defendants' Motion is Appropriate

Defendants' motion is based on the Supreme Court's decision in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017). In *TC Heartland*, the Court considered the proper interpretation of the term "resides" as used in the patent venue statute, 28 U.S.C. § 1400(b), which provides that a patent-infringement action must be brought "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). The Court in *TC Heartland* held that "a domestic

corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." 137 S.Ct. at 1517.

Following the decision in *TC Heartland*, "corporate defendants in many pending patent cases newly presented venue objections under 28 U.S.C. § 1400(b), asserting lack of residence in the judicial district where the case was filed." *In re Micron Tech., Inc.*, 875 F.3d 1091, 1095 (Fed. Cir. 2017). Many of those cases raised the issue of whether the corporate defendants had waived any objection to venue pursuant to Federal Rule of Civil Procedure 12(h)(1)(A), "which, as relevant here, provides for waiver, based on the incorporated terms of Rule 12(g)(2), when a defendant omits an available venue defense from an initial motion to dismiss." *Id.* at 1093. In *In re Micron*, the Federal Circuit held that Rule 12(h)(1)(A)'s waiver provision was inapplicable to venue objections based on *TC Heartland*, because such objections were not "available" under Rule 12(g)(2) prior to that decision. *Id.* at 1100. However, the Federal Circuit went on to explain that "Rule 12(h)(1) is not the sole basis on which a district court might, in various circumstances, rule that a defendant can no longer present a venue defense that might have succeeded on the merits." *Id.* In particular, the *In re Micron* court explained that the district court retained the authority to find that a venue objection had been forfeited based on "sound determinations of untimeliness or consent." *Id.* at 1101. The Federal Circuit expressly declined to determine "whether the timeliness determination may take account of factors other than the sheer time from when the defense becomes available to when it is asserted,

-4-

including factors such as how near is the trial, which may implicate efficiency or other interests of the judicial system and of other participants in the case," but noted that it had "denied mandamus, finding no clear abuse of discretion, in several cases involving venue objections based on *TC Heartland* that were presented close to trial." *Id.*

In the R&R, Judge McCarthy considered the holdings of both *TC Heartland* and *In re Micron*. Judge McCarthy found that, under *In re Micron*, there was a colorable basis to conclude that Defendants had forfeited their venue objection, based on the length of time this action has been pending, the parties' agreement to *de facto* consolidate this matter with the other actions pending before this Court and involving the same patents, and the procedural posture of the matter (namely that the initial *Markman* hearing was scheduled to commence on January 31, 2018). (Dkt. 371 at 4). Ultimately, Judge McCarthy declined to decide the venue issue on the merits, finding instead that it was preferable to deny the motion without prejudice to renewal upon completion of claim construction. (*Id.* at 4-5).

The Court agrees with Judge McCarthy's finding that the Court has the authority to defer consideration of the merits of Defendants' venue objection until after claim construction is completed. The Court has the "inherent power to control its docket" as "part of its function of resolving disputes between parties." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997); *see also U.S. v. Mosquera*, 813 F. Supp. 962, 966 (E.D.N.Y. 1993) ("The district court has the inherent power to control its own docket to ensure that

cases proceed in a timely and orderly fashion."). This inherent power includes "the discretion to dictate the timing of a motion." *Hicks v. T.L. Cannon Corp.*, 66 F. Supp. 3d 312, 314 (W.D.N.Y. 2014) (internal quotation omitted). Importantly, Defendants' argument that venue is improper in this Court does not implicate this Court's jurisdiction over the matter. *See Moreno-Bravo v. Gonzales*, 463 F.3d 253, 258 (2d Cir. 2006) ("[V]enue in the federal courts is a concept of convenience, not a jurisdictional mandate. . . . Whereas issues of jurisdiction relate to the basic authority of a court to hear and decide a case, venue, by contrast, is in the nature of a convenience to litigants. . . .") (internal citations and quotations omitted). As such, there is no reason why the Court's inherent authority to dictate the timing of a motion would not apply to a motion related to venue.

Defendants argue that "the Court has no authority to deny a meritorious motion simply because doing so may result in a more efficient outcome." Docket No. 372-1 at 10. This argument misapprehends Judge McCarthy's findings. As discussed above, Judge McCarthy did not find that Defendants' motion was meritorious. To the contrary, Judge McCarthy found that, under *In re Micron*, there was a colorable argument that Defendants had forfeited their right to raise a venue objection at this stage of the proceedings. The Court agrees that the *In re Micron* decision left open the possibility for the Court to conclude, based on factors including the length of time this matter has been pending and its procedural posture, that Defendants have forfeited their concededly

otherwise meritorious venue objection. The Court further agrees with Judge McCarthy that the interests of justice will be best served by deferring consideration of the merits of that argument until after claim construction is completed. As discussed at length in the R&R, considerations of judicial efficacy strongly support permitting the claim construction process, which has already begun in this Court, to reach completion. Accordingly, the Court finds Defendants' objections to be without merit.

## CONCLUSION

For the reasons set forth above, the Court overrules Defendants' objections (Dkt. 372) to the R&R (Dkt. 371) and adopts the findings and recommendations set forth therein. Defendants' motion to dismiss or, in the alternative, transfer venue (Dkt. 340) is denied without prejudice to renewal upon completion of claim construction.

SO ORDERED.

ELIZABETH A. WOLFORD
United States District Judge

Dated: March 15, 2018
      Buffalo, New York