UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

STEUBEN FOODS, INC.,   **REPORT AND RECOMMENDATION**

                Plaintiff,

                              10-CV-00781-EAW-JJM

v.

SHIBUYA HOPPMANN CORP.,
SHIBUYA KOGYO CO., LTD.,
and HP HOOD LLC,

                Defendants.
_____

      Before the court is defendants' Second Renewed Motion to Dismiss and to Change Venue [448].[1] Having reviewed the parties' submissions [448, 451, 452, 460, 462, 463], for the following reasons I recommend that the motion be denied, without prejudice to renewal at a later date.

## DISCUSSION

      I presume the parties' familiarity with my January 16, 2018 Report and Recommendation [371] 2018 WL 3195149), adopted by District Judge Elizabeth Wolford [380] (2018 WL 1363503), which denied defendants' previous motion to dismiss or transfer venue [340]. The Second Renewed Motion offers no basis for departing from the rationale of those decisions at this time, since Judge Wolford's ruling on the parties' objections to my October 1,

---

[1]   Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

2018 Report and Recommendation [424] may significantly affect the scope and/or enforceability of the claims asserted in this action.

In fact, defendants themselves suggest that "[t]o the extent that the Court believes it would be inefficient to transfer this case to Delaware before it has ruled on those objections (because doing so would require the Court in Delaware to address the objections), then the Court should transfer the case as soon as it has ruled on those objections". Defendants' Memorandum of Law [448-1], p. 2, n. 2. Therefore, whether dismissal or transfer of venue is warranted is a question for another day.

## CONCLUSION

For these reasons, I recommend that defendants' Second Renewed Motion [448] be denied, without prejudice to renewal once Judge Wolford has ruled on the pending objections to my October 1, 2018 Report and Recommendation [246]. Unless otherwise ordered by Judge Wolford, any objections to this Report and Recommendation must be filed with the clerk of this court by September 3, 2019.

Any requests for extension of this deadline must be made to District Judge Elizabeth Wolford. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: August 20, 2019

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge