

Karen E. Keller
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com

January 9, 2020

**BY CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re:  *Steuben Foods, Inc. v. Shibuya Hoppmann Corporation and HP Hood LLC* –
C.A. No. 19-2181-CFC-CJB

Dear Judge Burke:

This firm, with Sterne, Kessler, Goldstein & Fox, P.L.L.C., represents Defendants Shibuya Kogyo Co., Ltd., Shibuya Hoppmann Corp. (collectively, "Shibuya"), and HP Hood, L.L.C., in the above-referenced action, which was recently transferred to this Court from the Western District of New York. We write jointly on behalf of all parties with the Devlin Law Firm and Gardella Grace, P.A., who represent Plaintiff Steuben Foods, Inc., in response to Your Honor's Oral Order of December 23 and Local Rule 81.2 to report on pending matters that require judicial action and to request a status conference to obtain the Court's guidance regarding next steps in this case.

This patent-infringement action involves six patents-in-suit, all of which are directed to aspects of aseptic-bottling systems, and all of which have already expired.[1] The accused products are three aseptic-bottling systems that were manufactured and sold by Shibuya and are operated by HP Hood, which uses them to bottle low-acid foodstuffs (e.g., chocolate milk).  Before the case was transferred, the parties had exchanged infringement and invalidity contentions and had completed claim-construction briefing.  Substantial fact discovery remains to be taken in advance of the expert disclosure process leading toward trial.  In view of this procedural posture and history, the parties identify the below-issues as requiring judicial action.

### Issue 1:  Partial Stay of Proceeding on Patents Undergoing PTO Review

As noted above, there are six patents-in-suit.  The parties agree that this case should proceed on three of those patents—the '188, '591, and '985 patents.  The three other patents-in-suit are the subject of ongoing reexamination proceedings in the U.S. Patent & Trademark Office (PTO) or were involved in inter partes review proceedings at the PTO and are now before the Federal Circuit on appeal.  The parties agree that proceedings on the '468 patent should be stayed pending the outcome of the Federal Circuit's review of claims that the PTO found to be

---

[1] The six patents-in-suit are U.S. Patent Nos. 6,536,188; 6,209,591; 6,475,435; 6,481,468; 6,945,013; and 6,702,985. The patents will be referred to by their last three digits for convenience.

unpatentable. The parties likewise agree that proceedings on claims 18 and 19 of the '013 patent should be stayed pending Federal Circuit review.

The parties disagree, however about whether a stay is appropriate with respect to five other asserted claims in the '013 patent and with respect to the one asserted claim in the '435 patent. The affected claims all stand rejected in reexamination. One of those rejected claims from the '013 patent has twice survived IPR. Shibuya and HP Hood believe that a stay of those claims is appropriate pending the resolution of the reexamination proceedings. Steuben believes that the case should proceed on the six affected claims.

Accordingly, Shibuya and HP Hood expect to move for a stay of proceedings on the '013 and '435 patents. Steuben will oppose the motion and believes that the Court should enter a schedule, notwithstanding Defendants' stated intent to move for a stay because the parties agree that litigation should proceed on three of the patents.

**Issue 2:  Early Summary Judgment Motion on the '591 Patent**

The '591 patent is one of three patents-in-suit that are not subject to PTO proceedings or Federal Circuit appeal. The transferor court in New York granted another party's motion for summary judgment of noninfringement on the '591 patent in a related case brought by Steuben. Shibuya and HP Hood believe that a similar early summary-judgment motion in this case would eliminate the '591 patent from the case. It is Plaintiff's position that claim construction should proceed as to a disputed term on which the New York court's decision turned and that any summary judgment motion from Defendants should be taken up in the normal course, after claim construction and the close of fact and expert discovery. Shibuya and HP Hood believe that there is no need to delay the motion in order to construe the supposedly disputed term "into" because, to the extent any construction of the word "into" is needed, it can easily be addressed in the context of the motion, the purpose of which is to avoid the need for fact and expert discovery on the '591 patent.

**Issue 3: Claim Construction**

As noted above, prior to this case being transferred, the parties had briefed claim construction. The parties believe, however, that it would be appropriate to prepare a fresh set of claim-construction briefs for this Court because the claim-construction process in New York was conducted (1) without any page limits and (2) in tandem with several other cases involving different defendants with different accused systems. As a result, the prior claim-construction briefing runs several-hundred pages and addresses issues and parties that are not before this Court.

While the parties agree that claim construction is necessary, the parties dispute the timing of the claim construction process. Shibuya and HP Hood request that the Court provide guidance on the scope of the partial stay before the parties re-brief claim construction issues, so that the parties do not brief more terms than necessary. Plaintiff's position is that claim construction should occur now as a stay is unwarranted, and claim construction is necessary before the filing of any dispositive motion directed to the '591 patent.

S<small>HAW</small> K<small>ELLER</small> <small>LLP</small>
The Honorable Christopher J. Burke
Page 3

**Issue 4: Entry of a Scheduling Order**

The parties agree that the Court should enter a scheduling order, but dispute when that should occur. Shibuya and HP Hood's position is that the parties should meet and confer regarding a scheduling order after receiving the Court's guidance on the scope of the partial stay and on whether and when the Court will entertain the proposed early summary judgment motion on the '591 patent. Plaintiff's position is that the Court should enter a schedule now including deadlines for the claim construction process, the close of fact discovery, expert disclosures, pretrial proceedings (e.g. motions in limine, pretrial disclosures, etc.), and a trial date.

Respectfully submitted,

*/s/ Karen E. Keller*

Karen E. Keller (No. 4489)

cc: Clerk of the Court (by hand delivery)
All counsel of record (by e-mail)