

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

February 3, 2020

The Honorable Christopher J. Burke
U.S. District Court for the District of Delaware
844 King Street
Wilmington, DE 19801

      Re:    *Steuben Foods, Inc. v. Shibuya Hoppmann Corp., et al.*
             C.A. No. 1:19-cv-02181-CFC-CJB

Dear Judge Burke:

Plaintiff Steuben Foods, Inc. ("Steuben") respectfully submits this letter brief pursuant to the Court's January 13, 2020 Order.

## I.     Defendants have not established entitlement to a stay

Initially, Steuben notes that in an effort to compromise—and to avoid having Defendants' burden the Court with their ***fifth*** stay request in this case—Steuben offered to agree to a stay of the '435 patent if Defendants would agree that litigation could proceed on the '013 patent. While Defendants declined that offer, Steuben maintains it as a compromise proposal.

Shibuya seeks a stay of four claims of the '013 patent. For the reasons explained below, litigation should proceed on all four claims. That said, claim 20—has ***twice survived IPR***, and Defendants' invalidity contentions rely on the same prior art that was asserted unsuccessfully against claim 20 in the IPRs. At the very least, litigation should proceed on claim 20.

### A.     Defendants request for a stay is precluded by law of the case doctrine.

Defendants' letter fails to note that the '013 patent reexamination has been pending for a decade. Defendants also fail to note that during that decade, Defendants have unsuccessfully sought to stay litigation of the '013 patent four times. Two attempts came pursuant to formal motions (Dkts. 9, 111), one came via a request to extend a stay (Dkt. 150), and the other came via a request to preclude Steuben from including the claims of the '013 patent in its infringement contentions (Ex. 1). The W.D.N.Y. denied each of those requests. (Dkts. 38, 130, 169, 192.) Transfer of this case should not be used as an opportunity to relitigate this settled-issue.

Defendants' first move, along with a procedural motion to dismiss, was to seek a stay of this case in view of the very same '013 patent reexamination that is the subject of their instant stay request. The W.D.N.Y. denied that request on August 15, 2011, finding that the indefinite nature of the stay and lack of meaningful simplification weighed against a stay. (Dkt. 38 at 15-17.)

**DEVLIN LAW FIRM**
February 3, 2020
Page 2 of 5

In 2013, after all six patents had reexaminations pending against them, Defendants renewed their motion to stay. The W.D.N.Y. denied it— this time without leaving the door open to a further motion. (Dkt. 130.) The W.D.N.Y. cited to an earlier decision on a stay request filed by a different defendant, finding that "the pending reexaminations will not address all of the issues pending in this action and will not preclude [defendant] from challenging the validity of claims confirmed by the PTO in this action." *Steuben Foods, Inc. v. GEA Process Eng'g., Inc.*, No. 12-cv-904, 2013 WL 5567499, at *4 (W.D.N.Y. Oct. 8, 2013). These same factors still weigh against a stay as explained herein. Defendants do not advise the Court of their prior attempts to stay litigation of the '013 patent, much less identify changed circumstances that could support a fifth stay request.

The W.D.N.Y.'s denial of Defendants' motion to stay in view of the very same reexamination at issue now is law of the case and precludes Defendants from seeking to relitigate the issue. *Organ v. Byron*, 435 F. Supp. 2d 388, 390 (D. Del. 2006) ("The law of the case doctrine constrains this Court from reconsidering issues already litigated in a coordinate district court."); *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982) ("[T]he principles of comity among courts of the same level of the federal system provide a further reason why the transferee court should not independently re-examine an issue already decided by a court of equal authority.")

### B.      Defendants' stay request is precluded by the claim narrowing order.

Beyond their formal motions to stay litigation, Defendants sought an end around the W.D.N.Y's refusal to formally stay litigation of the '013 patent by requesting an Order that Steuben not be permitted to include the asserted claims from the '013 patent in its initial infringement contentions under the W.D.N.Y. Local Patent Rules. The parties and the W.D.N.Y. debated this issue for the better part of six months discussing the issue at various status conferences. (*See*, *e.g.*, Dkts. 172 at 18:19-19:23; 178 at 10:24-11:11; 187 at 24:14-29:17, 31:11-24, 33:22-42:19; 190 at 12:1-17:5, 27:14-29:1.)

Ultimately, Steuben offered a compromise in the form of early-stage claim narrowing. The Court found Steuben's proposal to be reasonable and entered the claim narrowing order. (*See* Dkt. 192; Dkt. 190 at 23:7-10.) Under that Order, Steuben narrowed its asserted claims against Defendants from 77 to 45 before even serving its initial infringement contentions. In doing so, Steuben elected to drop certain claims that otherwise could still be asserted. When it did so, Steuben relied on the understanding that it would be permitted to proceed in litigation with the claims of the '013 patent notwithstanding the fact that they were subject to reexamination. It would be prejudicial to Steuben for Defendants to able to circumvent that Order by successfully moving this long pending case to this District. The claim narrowing order precludes Defendants' fifth request for a stay.

### C.      A stay will not meaningfully simplify this case.

There are three accused devices in this case, and discovery of those accused devices will be of the same kind and character regardless of whether the claims of the '013 patent are stayed,

DEVLIN LAW FIRM
February 3, 2020
Page 3 of 5

which weighs against a stay. *See Intellectual Ventures I LLC v. Toshiba Corp.*, No. 13-453, 2015 WL 3773779, at *3 (D. Del. May 15, 2015). In addition, because Defendants did not file the '013 reexamination, there will be no estoppel effect in this Court, which also weighs against a stay. *Cronos Techs., LLC v. Expedia, Inc.*, No. 13-1538, 2016 WL 1089752, at *2 (D. Del. Mar. 21, 2016) (denying stay, in part, because of lack of estoppel).

Moreover, inclusion of the four asserted claims of the '013 patent will not meaningfully expand the scope of claim construction proceedings with four terms that are unique to the '013 patent: 1) "the disinfecting is with hot hydrogen peroxide spray"; 2) "providing a plurality of bottles"; 3) "feedback control system for maintain aseptic bottling conditions"; and 4) "United States FDA level of aseptic." The first three need no construction. That Defendants would like these easily understood terms construed cannot provide them with an argument of prejudice. As to the fourth term, the Federal Circuit has provided guidance on what is meant by the "FDA level of aseptic" in the Steuben patents, making the Court's task in construing that claim straightforward.

Defendants argue that the '013 reexamination would complicate this proceeding and risk "inconsistent rulings." But the Patent Office uses a lower burden of proof in evaluating patentability than this Court does in determining patentability. For that reason, there is little risk of inconsistent results. *See*, *e.g.*, *Steuben*, 2013 WL 5567499, at *3. In fact, this case will likely be through trial before the reexamination is near completion.

D.      **The stage of the proceedings and prejudice to Steuben weight against a stay.**

Defendants argue that this decade-long case is at an early stage. While both parties would like to have made more progress prior to the transfer, this case is not at the same type of "early stage," which has led courts to stay cases pending reexamination. For example, Steuben's document production is complete, claim construction has been briefed, summary judgment motions have been filed, and various other pretrial matters have been addressed by the parties and the court. These facts weight against a stay. *ImageVision.Net, Inc. v. Internet Payment Exch., Inc.*, No. 12-054, 2013 WL 663535, at *3-5 (D. Del. Feb. 25, 2013), *report and recommendation adopted*, 2013 WL 1743854 (D. Del. Apr. 22, 2013). Following the issuance of a claim construction order here, Steuben expects to be able to move this case quickly toward trial. That the Court has not yet set a trial date should not weight against a stay because this case was just transferred here.

Defendants argue that a stay will not prejudice Steuben because the patents-in-suit have expired and because delay, by itself, does not amount to prejudice. "That said, this Court has noted that PTO reexaminations typically result in lengthy delays, which can hinder a plaintiff's ability to obtain timely resolution regarding its allegations of patent infringement." *SenoRx, Inc. v. Hologic, Inc.*, No. 12-173, 2013 WL 144255, at *7 (D. Del. Jan. 11, 2013). The '013 reexamination is the epitome of a "lengthy delay."

Moreover, the ten-year pendency of this case has already created a situation where witness memories will undoubtedly have faded. The first accused sale occurred in the mid-2000s. Any further delay will prejudice Steuben's ability to collect pertinent evidence. To clear, Steuben is

**DEVLIN** LAW FIRM
February 3, 2020
Page 4 of 5

not suggesting that any sort of intentional spoliation has occurred, but the potential for loss of evidence is inherent in any litigation spanning a decade. *See Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865, 2010 WL 5149351, at *4 (D. Del. Dec. 13, 2010). Further delay will compound such evidentiary issues.

A stay would further prejudice Steuben given that Defendants failed to make known their plan to seek a fifth stay when seeking transfer. Defendants filed numerous motions seeking transfer and even filed a petition for writ of mandamus in an attempt to win a transfer. (*See* Ex. 2.) In connection with that petition, Defendants argued to the Federal Circuit that mandamus was appropriate because the "Shibuya case sits idle" and because "this case has gone nowhere." (*Id.* at 26.) Further, Shibuya argued that "[i]f this case had been transferred to the District of Delaware last summer, the parties in this case could have already briefed and argued the claim-construction issues that actually matter as between Steuben and Shibuya." (*Id.*) At that time, the W.D.N.Y. had already ordered that the '013 patent claims would be part of this case. It would be prejudicial for Defendants to now reverse course and win a stay of a proceeding they complained was idle.

## II.     An early summary judgment motion on the '591 patent would be inefficient.

Defendants ask this Court to depart from its usual practice and entertain an early summary judgment motion before the issuance of a claim construction order and before the close of fact discovery. Defendants point to a decision from the W.D.N.Y as instructive here despite the fact that they acknowledge that they use a different valve than was at issue in that case. That decision is premised on two constructions that improperly depart from the plain meaning of the terms at issue while identifying no disclaimer or lexicography to support such a departure. For example, the W.D.N.Y. decision construed the word "into" to mean "connotes at least the possibility of contact with the contents of the region into which the movement occurs." Second, the W.D.N.Y. decision determined that the claimed "first" and "second" "sterile regions" must be separated by a physical boundary. The intrinsic record supports neither of these narrowing constructions.

If the Court were to allow Defendants to move now, Steuben will argue:  (1) that the narrowing constructions adopted by the Western District of New York should not be adopted by this Court; and (2) that under Fed. R. Civ. P. 56(d) Steuben is entitled to discovery to oppose the motion. This will require the Court to engage in claim construction and to weigh in on whether discovery is warranted. Indeed, Steuben has yet to take a fact deposition in this case and believes additional document discovery is appropriate. While Defendants claim Steuben has inspected the valve, that "inspection" took place during the break of an expert deposition without the aid of Steuben's expert and without the ability to ask Defendants questions concerning the valve.

The more sensible course of action is for the Court to enter a schedule that provides for claim construction of the disputed terms of the '591 patent along with the other disputed terms. Upon the issuance of a *Markman* order, the parties can assess how claim construction impacts infringement in connection with the preparation of expert disclosures as is typical in most patent cases. Such a procedure would be more efficient for the Court and the parties while allowing all issues to move forward at the same time. Given the decade-long pendency of this case, piecemeal litigation on discrete issues is not sensible.

# DEVLIN LAW FIRM

February 3, 2020
Page 5 of 5


Respectfully Submitted,


Timothy Devlin (No. 4241)

cc:     All Counsel of Record (via CM/ECF)