

Karen E. Keller
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com

February 7, 2020

**BY CM/ECF & HAND DELIVERY**
The Honorable Christopher J. Burke
United States District Court for the District of Delaware
844 N. King Street
Wilmington, DE 19801

    Re: *Steuben Foods, Inc. v. Shibuya Hoppmann Corporation et al.*,
          C.A. No. 19-2181-CFC-CJB

Dear Judge Burke:

Shibuya and HP Hood respectfully reply to the points raised in Steuben's February 3, 2020 letter.

### I. A stay will simplify proceedings.

A stay will significantly simplify this case. The parties agree that claim-construction issues should be re-briefed. D.I. 490 at 2. Staying the case as to two patents will minimize re-briefing—Steuben concedes that the '013 patent has four unique terms that will require construction. D.I. 495 at 3. If the '013 patent is found to be unpatentable, these terms will not require re-briefing.

The case is in its early stages, despite its long pendency. Fact discovery is not complete and only one deposition has occurred. "Steuben has yet to take a fact deposition in this case and believes additional document discovery is appropriate." D.I. 495 at 4. Steuben contends that this case is not in the early stages because a summary judgment motion[1] and other (unspecified) pretrial matters have been addressed. *Id.* at 3. That Steuben has not yet completed fact discovery on infringement demonstrates, however, that much of the substantive work lies ahead of the parties and the Court—including expert reports, depositions, and dispositive and other pretrial motions. A stay would preserve the parties' and the Court's resources. A stay is warranted.

### II. The law-of-the-case doctrine does not apply to a denial of a request for stay.

The W.D.N.Y.'s earlier denials of the defendants' motions do not preclude the Court's consideration of the present motion under the law-of-the-case doctrine. That doctrine comes in two flavors. The first type—the mandate rule—is preclusive and provides that an appellate decision on an issue binds the trial court on that same issue on remand. *In re Tri-State Financial, LLC*, 885 F.3d 528, 533 (8th Cir. 2018). The second is discretionary and occurs when a trial court "decides upon a rule of law" and then applies its ruling in deciding the same issues in later stages of the same case. *Pepper v. United States*, 131 S. Ct. 1229, 1250 (2011). Neither applies here. There has been no appeal of this case and so the mandate rule does not apply. The prior rulings on Defendants' motions for stay were all decided on unique factual records that are not presented here—that is, the "same issue" is not raised in the present motion as was raised in the earlier motion to stay. Indeed, W.D.N.Y. actually *granted* a stay pending IPR. D.I. 156. There has thus been no general rule in the case that stays for PTO proceedings will not be granted.

---

[1] The only motion for summary judgment filed in this case was a motion for partial summary judgment based on intervening rights, which was later withdrawn. D.I. 245 & 276.

The Honorable Christopher J. Burke
February 7, 2020
Page 2

Furthermore, much has changed since the prior court denied the earlier motion to stay: chiefly, the '435 and '013 patents have expired and the reexaminations (then at an early stage) have progressed to the point where they are now close to completion and the relevant claims stand rejected. This Court has the same authority as W.D.N.Y. had to decide whether these changed circumstances warrant a stay: "A successor judge steps into the shoes of his or her predecessor, and is thus bound by the same rulings and given the same freedom as the first judge. To the extent that a trial judge can alter a previous ruling, so too can a successor judge." *Exxon Corp. v. United States*, 931 F.2d 874, 878 (Fed. Cir. 1991).

### III.    A stay is not precluded by Steuben's claim narrowing.

The W.D.N.Y. ordered Steuben to narrow its asserted claims because Steuben had asserted an unseemly 77 claims. D.I. 192; *see also* D.I. 190 at 9:19–22. Steuben had no reason to think the case would not subsequently be stayed when it narrowed its asserted claims. Circumstances were always at risk of changing, thereby making a stay appropriate.

### IV.    The Court should entertain a summary judgment motion on the '591 patent.

The transferor court granted early summary judgment of noninfringement of the '591 patent to another party because the existence of a flexible barrier between the valve mechanism and the region where the food was bottled took the accused system outside the scope of the patent's claims. Steuben does not and cannot deny that the systems accused in this case have a similar flexible barrier that prevents any part of the valve mechanism from potentially contaminating the region where the food is bottled, thus obviating the need for the claimed invention.

Steuben seeks to avoid early summary judgment by arguing, first, that the W.D.N.Y.'s construction of key claim terms was wrong. It is ironic that, in the same letter where Steuben argues (incorrectly) that the law-of-the-case doctrine prevents this Court from granting a stay, Steuben asks this Court to ignore the transferor court's claim construction. D.I. 495 at 4. Another court's claim construction is a classic example of a prior decision that constitutes the law of the case and should be respected. *See Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1324 (Fed. Cir. 1987). There should be no need to re-brief those issues. If the Court is inclined to revisit those claim constructions, it can do so efficiently in the context of a summary-judgment motion, where the consequences of the different constructions will be evident.

Shibuya produced detailed technical drawings and other information about the structure and operation of its valve years ago, and Steuben has inspected an example of the valve. Nevertheless, Steuben's second reason for delaying consideration of the summary judgment motion is that it would like more discovery. Additional discovery, however, can do nothing to alter the central fact supporting the motion, which is not in dispute: a flexible barrier separates the valve mechanism from the bottling region. As a result, there is no need for a continuously sterilized second sterile region, and no part of the valve moves from a continuously sterilized second sterile region into the first sterile region and back again. Because the issue is ripe for decision and would streamline the case, the Court should entertain a motion without delay.

Respectfully submitted,

/s/ *Karen E. Keller*

Karen E. Keller (No. 4489)

The Honorable Christopher J. Burke
February 7, 2020
Page 3

cc:     Clerk of the Court (by hand delivery)
        All counsel of record (by e-mail)