

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

June 8, 2020

<u>**VIA CM/ECF**</u>

The Honorable Christopher J. Burke
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 28, Room 2325
Wilmington, DE 19801-3555

   Re: *Steuben Foods, Inc. v. Shibuya Hoppmann Corp., et al.*,
     C.A. No. 1:19-cv-02181-CFC-CJB

Dear Judge Burke:

  I write on behalf of Steuben Foods, Inc. in reply to Defendants' June 1, 2020, letter. Steuben was surprised to see Defendants' incivility, including name calling and ad hominem attacks, regarding Steuben's narrowing proposal. Steuben respectfully submits that Defendants' tone and reaction to the proposal is intended to distract from what is a reasonable proposal made by Steuben. Indeed, Defendants fail to note that Steuben requested permission to make its proposal, and that the Court authorized Steuben to make the proposal. (*See* Dkt. 518.)

  Steuben's proposal is neither a "crass bargaining tactic[]" nor a "thinly veiled threat" as Defendants assert. Nor is Steuben's proposal a "tacit admission" of weak claims; Steuben believes in the strength of its arguments for all claims. Rather, the proposal recognizes the Court's desire to limit a "fairly substantial patent case" to three asserted patents while reducing the number of asserted claims by more than half for a total of seven. (*See* Dkt. 500.) The substantial reduction in the number of asserted claims serves the goal of limiting the number of claims that will be the subject of "claim construction proceedings, expert reports, expert discovery, and summary judgment." (*See id*.) Defendants' rhetoric in response to Steuben's proposal reveals Defendants' concerns about the strength of the '013 patent.

  Defendants assert that Steuben should be willing to narrow its asserted claims "*without* conditioning its dismissal on this Court's lifting of the stay on the '013 patent." (Dkt. 522 at 6.) Defendants fail to acknowledge that Steuben did just that in connection with claim construction briefing when Steuben dropped five asserted claims irrespective of the Court's decision on the '013 patent. Steuben did so not out of concern that its claims were "weak," but rather out of a good faith interest in reducing the Court's claim construction burden. Defendants' cavalier accusation of weakness when Steuben proposes to drop claims threatens to chill reasonable efforts to narrow this case.

The lynchpin of Defendants' arguments concerning Steuben's proposal is their inaccurate assertion that no circumstances have changed. For example, with respect to the '013 patent reexamination, Defendants argue: "To be clear: at the time this Court stayed proceedings on the '013 patent, the claims in reexamination stood rejected in a non-final office action; now, the claims in reexamination stand rejected in a non-final office action. No change on that score." (Dkt. 522 at 5.) Defendants' argument is simply false *because the claims were not rejected in a non-final office action when the Court issued its stay order*.

Instead, the claims were in fact *finally rejected* because the Examiner had issued an "Examiner's Determination" under 37 C.F.R. § 41.77(d). Pursuant to 37 C.F.R. § 41.77(f), after the parties submit comments, "the proceeding will be returned to the Board which shall reconsider the matter and issue a new decision." Thus, at the time the Court stayed the case, the next step under the reexamination rules was for the Board to issue a decision, *i.e.*, the claims were finally rejected because the Examiner maintained the prior rejection.

In previously opposing Defendants' request for a stay, Steuben explained that it was hopeful that the Examiner would issue a new non-final office action, but it acknowledged that it was unclear whether that would happen. So, contrary to Defendants' misstatement of the facts, when the Court stayed the case, the claims were finally rejected. Now, as of May 1, 2020, those claims are subject to a non-final rejection, which brings the reexamination back to square one. Circumstances have changed in a way that make the risk of two trials in this case more likely.

Defendants concede that a key obviousness issue in this case relates to residual hydrogen peroxide and that "the prior art before the PTO did not address the precise residual hydrogen peroxide amounts required by the FDA's regulations." (Dkt. 522 at 2.) That unaddressed residual amount is expressly recited in claim 20 of the '013 patent, highlighting the strength of claim 20. While there is one reference argued as teaching the residual amount that was not addressed by the Board, in fact that reference fails to teach the required residual level. 21 C.F.R. § 178.1005(d) requires the residual to be measured "immediately after packaging." The relevant disclosure of the new reference measures the residual level at later times, 30 and 250 minutes after a bench top test. For at least this reason, the reference will not carry the day. Ex. A at 7.

Further, Defendants misinterpret Steuben's argument about the Scheduling Order. The Scheduling Order is not on its own a changed circumstance that warrants revisiting the stay; rather, the change at the PTO increases the risk of two trials in this case given the trial date.

Defendants do not—and cannot—argue that Steuben's proposal would not narrow this case significantly. Overall, Steuben's proposal would have litigation proceed on the same number of patents (including two Defendants agree should proceed) but with less than half the asserted claims. Allowing litigation to proceed on the '013 patent in no way prejudices Defendants because they have already prepared contentions directed to the '013 patent and briefed claim construction on that patent. Steuben's proposal balances the Court's stated desire to narrow the case while avoiding the risk of two trials. Steuben respectfully requests that the Court adopt the proposal.

Respectfully,

*/s/ Timothy Devlin*

Timothy Devlin (No. 4241)

Enclosure
cc:      Clerk of the Court (via CM/ECF, w/encl.)
          Counsel of Record (via CM/ECF, w/encl.)