IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEUBEN FOODS, INC., | ) |
| Plaintiff, | ) **Redacted- Public Version** |
| v. | ) C.A. No. 19-2181-CFC-CJB |
| SHIBUYA HOPPMANN CORP., SHIBUYA KOGYO CO., LTD., and HP HOOD LLC, | ) ▮▮▮▮▮▮▮▮▮▮▮ |
| Defendants. | ) |

### DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT (NO. 3) OF NON-INFRINGEMENT OF U.S. PATENT NO. 6,209,591

OF COUNSEL:
J.C. Rozendaal
Byron L. Pickard
Michael E. Joffre
Deirdre M. Wells
William H. Milliken
Jean Paul Y. Nagashima
Anna G. Phillips
Robert E. Niemeier
STERNE, KESSLER, GOLDSTEIN
 & FOX P.L.L.C
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC*

June 4, 2021


# TABLE OF CONTENTS

I. Nature and Stage of the Proceedings ................................................................................1

II. Summary of the Argument .................................................................................................1

III. Statement of Facts ...............................................................................................................1

    A. The '591 Patent ............................................................................................................1

    B. The Hood ▮▮▮▮ ...........................................................................................................5

IV. Argument ..............................................................................................................................6

    A. Legal Standard .............................................................................................................6

    B. Hood's ▮▮▮▮ does not infringe the '591 patent because it lacks the claimed "second sterile region." ........................................................7

V. Conclusion ..........................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*,
   589 F.3d 1179 (Fed. Cir. 2009) ...........................................................................7

*Ishida Co. v. Taylor*,
   221 F.3d 1310 (Fed. Cir. 2000) ...........................................................................6

*LizardTech, Inc. v. Earth Res. Mapping, Inc.*,
   424 F.3d 1336 (Fed. Cir. 2005) .........................................................................10

*Uniloc 2017 LLC v. Verizon Commc'ns, Inc.*,
   2021 WL 913944 (Fed. Cir. 2021) ....................................................................10

**Rules**

Fed. R. Civ. P. 56(a)................................................................................................6

I. **Nature and Stage of the Proceedings**

Steuben filed this patent-infringement case in 2010, asserting several patents against aseptic filling machines Shibuya manufactured and sold to HP Hood. The case was transferred to this Court in November 2019. Dkt. 482. Discovery has concluded. Trial is set for November 2021.

II. **Summary of the Argument**

The asserted claim requires an aseptic filling machine with a "first sterile region" surrounding where product exits the valve and a "second sterile region positioned proximate said first sterile region." Steuben argues that the inside of the product pipe of the accused machine is the claimed "second sterile region."

No reasonable jury could credit this theory. The specification makes it clear that the "second sterile region" solves the problem of a prior-art design that had only one sterile region—the area surrounding the product pipe. If the inside of the pipe were the "second sterile region," the claim would be broad enough to cover the very prior-art design the patent disparages. That reading would violate basic claim-construction principles. Steuben's theory thus fails as a matter of law.

III. **Statement of Facts**

A. **The '591 Patent**

The '591 patent describes a valve for filling a container with food products. The patent purports to solve a problem that arises when using a certain type of

1

valve in an aseptic bottling machine—a valve that, when opening and closing, has a valve stem that moves between (1) the sterile region where food is bottled, and (2) a non-sterile region.

When a portion of the valve stem is exposed to a non-sterile region and subsequently reinserted into the sterile region, there is a risk of contaminating both the sterile region and the food product itself. Ex. CC, 14:18-21 ("the first portion 264A of the valve stem 256A may carry contaminants from the non-sterile region 268 into the first sterile region 260"). Figures 23 and 24 (reproduced and annotated below) illustrate this problem. To dispense product into a container, actuator 258A displaces valve 194A downward, allowing product 262A to exit the nozzle 196A. *Id.*, 14:1-21. The region 260 around the container is sterile; the patent calls this the "first sterile region." *Id.* The region 268 above the sterile tunnel 90, however, is not sterile. *Id.*



The problem is that, when the valve opens, a portion of the valve stem that was previously in the *non-sterile* region is introduced into the *sterile* region. *Id.* This creates a risk that contaminants will travel into the sterile region (and potentially into the foodstuffs). *Id.* The diagram below illustrates this concept.



The '591 patent claims to solve this problem by placing a "second sterile region" enclosed by a housing between the non-sterile region and the first sterile region. *Id.*, 14:21-26, 14:34-35, Fig. 25. This solution is depicted in Figures 25-26, reproduced and annotated below. A portion of the valve stem (266A) "lies in the non-sterile region." When the valve stem moves downward, that portion of valve stem (266A) moves from the non-sterile region to the second sterile region 270A, which "removes any contaminant from the valve stem 256A before any portion of

the valve stem 256A enters the first sterile region 260"—thereby preventing contaminants from entering the area around which the food product exits the valve (i.e., the first sterile region). *Id.*, 14:44-63.



Annotated Figs. 25 & 26
'519 Patent

The red portion of the valve stem (the portion that in the prior art went between the non-sterile region and the sterile region when the valve opened) no longer moves into the non-sterile region. Instead, it moves into a new, orange, second sterile region. A portion of the valve stem (above the red portion) still moves between the non-sterile region and the orange second sterile region, but it never enters the area around which the food product exists the valve (i.e., the first sterile region). The orange second sterile region serves as a barrier between the non-sterile region and

4

the first sterile region. It removes any contaminants before they reach the green first sterile region. Essentially, the second sterile region "pre-sterilize[s]" the valve stem before the stem enters the first sterile region. *Id.*, 14:49-53.

Asserted claim 26 claims an

> [a]pparatus for aseptically filling a series of bottles comprising:
>
> a valve for controlling a flow of low-acid food product into a bottle…;
>
> a first sterile region surrounding a region where the product exits the valve;
>
> a second sterile region positioned proximate said first sterile region;
>
> a valve activation mechanism for controlling the opening or closing of the valve by extending a portion of the valve from the second sterile region into the first sterile region such that the valve does not contact the bottle, and by retracting the portion of the valve from the first sterile region back into the second sterile region.

### B.  The Hood ▇▇▇

Steuben asserts that Hood's ▇▇▇ infringes claim 26. ▇▇▇



*Id.* ¶2. ▇▇▇ *Id.* ▇▇▇

5

██████ the contamination problem addressed by the '591 patent never arises. Thus, the ██████ neither needs nor uses the patented solution.



## IV. Argument

### A. Legal Standard

Summary judgment of non-infringement is appropriate if "no reasonable jury could find infringement." *Ishida Co. v. Taylor*, 221 F.3d 1310, 1315 (Fed. Cir. 2000); *see* Fed. R. Civ. P. 56(a). To avoid summary judgment of non-infringement,

6

"a patentee's expert must set forth the factual foundation for his infringement opinion in sufficient detail for the court to be certain that the features of the accused product would support a finding of infringement" under the proper claim construction. *Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*, 589 F.3d 1179, 1183 (Fed. Cir. 2009).

### B. Hood's ▮▮▮▮ does not infringe the '591 patent because it lacks the claimed "second sterile region."

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Markman Hr'g Tr. 87:11-15 (claim's "plain language…makes clear that the first sterile region surrounds a region where the product exits the valve").

In an effort to avoid this inescapable conclusion, Steuben asserts a tortured infringement theory under which the *inside of the product pipe* is the "second sterile region." The following annotated figure illustrates Steuben's theory. The "first sterile region" is colored blue, and the purported "second sterile region" (i.e., the inside of the product pipe) is colored yellow. *See* Ex. EE ¶¶103-109.



   This theory fails as a matter of law because it is flatly inconsistent with the specification's description of the invention. The specification makes clear that Figures 23 and 24, which illustrate the contamination problem that the patent purports to solve, lack the claimed "second sterile region." SUMF ¶3. On the contrary, the patent describes the contamination potential of this configuration and

8

then states, "to overcome this difficulty, the present invention has introduced a second sterile region 270 as illustrated in FIG. 25." Ex. CC, 14:1-23; *see also id.*, 3:63-67 (describing Figures 23 and 24 as having only a "first sterile region" and a "non-sterile region"); SUMF ¶4.



'519 Patent, Figs. 23-24 (annotated).



Annotated Figs. 25 & 26
'519 Patent

9

Under Steuben's infringement theory, the configuration of Figures 23 and 24—the figures the patent says do not have the claimed second sterile region—*would* have a second sterile region: the inside of the pipe where the product 262A flows. This demonstrates that Steuben's theory that the inside of the pipe is a "second sterile region" fails. The claims cannot properly be construed to cover the very prior-art design that the specification disparages. *See Uniloc 2017 LLC v. Verizon Commc'ns, Inc.*, 2021 WL 913944, at *2 (Fed. Cir. 2021) (rejecting claim construction broad enough to "both embrace the disparaged disadvantage of the prior art and spurn the touted capability of the invention"); *LizardTech, Inc. v. Earth Res. Mapping, Inc.*, 424 F.3d 1336, 1343-44 (Fed. Cir. 2005) (rejecting reading of claims that would "cover prior art that suffers from precisely the same problems that the specification focuses on solving.").

### V. Conclusion

The Court should grant summary judgment of non-infringement of the '591 patent.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ Nathan R. Hoeschen |
|  | Karen E. Keller (No. 4489) |
|  | Jeff Castellano (No. 4837) |
|  | Nathan R. Hoeschen (No. 6232) |
|  | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| J.C. Rozendaal | 1105 North Market Street, 12th Floor |
| Byron L. Pickard | Wilmington, DE 19801 |
| Michael E. Joffre | (302) 298-0700 |
| Deirdre M. Wells | kkeller@shawkeller.com |
| William H. Milliken | jcastellano@shawkeller.com |
| Jean Paul Y. Nagashima | nhoeschen@shawkeller.com |
| Anna G. Phillips |  |
| Robert E. Niemeier | *Attorneys for Defendants Shibuya* |
| STERNE, KESSLER, GOLDSTEIN | *Hoppmann Corporation, Shibuya* |
| & FOX P.L.L.C | *Kogyo Co., Ltd., and HP Hood LLC* |
| 1100 New York Avenue NW, Suite 600 |  |
| Washington, DC 20005 |  |
| (202) 371-2600 |  |

Dated: June 4, 2021

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing **Defendants' Opening Brief in Support of Their Motion for Summary Judgment of Non-Infringement of U.S. Patent No. 6,209,591** complies with the typeface requirements and word limits of Paragraph 18 of the Scheduling Order entered in this case (D.I. 512). This brief has been prepared in 14-Point Times New Roman and contains 1,396 words, excluding the cover page, table of contents, table of authorities, signature block, and this certificate of compliance. Defendants' case dispositive motions and *Daubert* motions combined contain 12,500 words or less.

*/s/ Nathan R. Hoeschen*
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on June 4, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**
Timothy Devlin
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
Fax: (302) 353-4251
tdevlin@devlinlawfirm.com

Olivia E. Marbutt
KENT & RISLEY LLC
5755 N. Point Parkway, Suite 57
Alpharetta, GA 30022
(404) 855-3865
oliviamarbutt@kentrisley.com

Cook Alciati
GARDELLA GRACE
80 M Street SE, 1st Floor
Washington, DC 20003
(703) 556-9600
calciati@gardellagrace.com

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC*