IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEUBEN FOODS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-2181-CFC-CJB |
| ) | |
| SHIBUYA HOPPMANN CORP., ) | **REDACTED** |
| SHIBUYA KOGYO CO., LTD., and ) | |
| HP HOOD LLC, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO STEUBEN'S CONCISE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 1 – THIRD PARTY CONFIDENTIAL INFORMATION IS NOT PRIOR ART**

OF COUNSEL:
J.C. Rozendaal
Byron L. Pickard
Michael E. Joffre
Deirdre M. Wells
William H. Milliken
Jean Paul Y. Nagashima
Anna G. Phillips
Robert E. Niemeier
STERNE, KESSLER, GOLDSTEIN
 & FOX P.L.L.C
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC*

Dated: June 21, 2021

## DEFENDANTS' RESPONSE TO STEUBEN'S
## <u>CONCISE STATEMENT OF UNDISPUTED FACTS</u>

1.  Disputed. Defendants' November 30, 3030 Final Invalidity Contentions identify the <span>REDACTED</span> (hereinafter "Ross Machine") itself as prior art under 35 U.S.C. §102(b).[1] ABT/SHI000001-3031[2] describes the structure and operation of the machine and its sale and commercial use. Ex. 2, 6-7; *see also* Ex. 13, ¶¶100-111.

2.  Disputed. Bresnahan testified that <span>REDACTED</span>



Ex. 8, 20:4-19. Bresnahan <span>REDACTED</span>. *Id.*, 21:8-11. Bresnahan also testified that <span>REDACTED</span>." *Id.*, 74:13-21.

---

[1] All references to 35 U.S.C. § 102 are to the pre-AIA version of the statute, which governs the issues in this litigation.

[2] Steuben's motion and statement of facts takes issue with Defendants' citations to ABT/SHI Bates numbers as opposed to ABT/STE Bates numbers. Defendants understand that the productions are identical and identically paginated, but the Bates prefix selected by producing non-party Abbott differs to indicate the receiving party.

3. Disputed. Glancey and Bresnahan rely on the Ross Machine itself as prior art under 35 U.S.C. § 102(b). They rely on the information contained at ABT/SHI000444-538 as evidence of the machine's structure and operation. *See, e.g.*, Ex. 13, ¶¶100-111; Ex. 14, ¶¶54-57.

4. Undisputed.

5. Undisputed.

6. Undisputed.

7. Undisputed.

8. Undisputed.

9. Undisputed.

10. Undisputed.

11. Disputed as written. Glancey's opening report is designated as including "Highly Confidential" information under the Protective Order because it refers to multiple sources of confidential information, including but not limited to information produced by Abbott concerning the Ross Machine. *See, e.g.*, Ex. 13, ¶¶172, 175, 181, 189-190, 199, 216, 270, 379, 382, 390, 397, 407, 421, 511, 514, 523, 526, 532, 544, 567 (quoting portions of Steuben's Final Infringement Contentions designated "Highly Confidential"); *id.*, ¶¶311, 323, 337, 355, 367, 677, 689, 720, 790 (describing [REDACTED] identified in SK-0002616-17).

12. Disputed as written. Glancey's reply report is designated as including "Highly Confidential" information under the Protective Order because it refers to multiple sources of confidential information, including but not limited to information produced by Abbott concerning the Ross Machine. *See, e.g.*, Ex. 38, ¶¶26, 61 (quoting portions of Steuben's Final Infringement Contentions designated "Highly Confidential").

13. Disputed as written. Bresnahan's opening report is designated as including "Highly Confidential" information under the Protective Order because it refers to multiple sources of confidential information, including but not limited to information produced by Abbott concerning the Ross Machine. *See, e.g.*, Ex. 14, ¶¶ 109 (quoting REDACTED deposition designated "Highly Confidential."); *id.*, ¶121 (quoting Taggart deposition transcript designated "Highly Confidential.").

14. Disputed as written. Bresnahan's reply report is designated as including "Highly Confidential" information under the Protective Order because it refers to multiple sources of confidential information, including but not limited to information produced by Abbott concerning the Ross Machine. *See, e.g.*, Ex. 39, ¶¶105, 118 (quoting REDACTED deposition designated "Highly Confidential"); *id.*, ¶106 (quoting REDACTED deposition designated "Highly Confidential").

15. Disputed in part. REDACTED

REDACTED

.
" Ex. 8, 50:5-8. Bresnahan further

REDACTED

" *Id.*, 50:12-14.

16. Disputed. To the extent Steuben equates "publicly accessible" with the "public use" prong of 35 U.S.C. §102(b), that is a question of law, not a fact, and therefore no response is required. Moreover, the existence and commercial use of the Ross Machine was public knowledge, including to Steuben and the '188 patent inventor Thomas Taggart, who were able to learn of a "linear Bosch aseptic plastic bottle filler" at the Ross Products division of Abbott Labs. Ex. 15, STEUBEN105822; *see* Ex. 16, ¶¶5-13. Taggart stated that he learned in 1999 of Ross machine from a Bosch sales representative. Ex. 16, ¶¶5-13. Further, Steuben told the FDA that information regarding the Ross Machine was publicly available and attached a trade journal article providing a description and information of the Ross Machine. Ex. 18, STEUBEN105818. While Health and Human Services maintained that the precise filling rate the Ross Machine achieved was confidential, the appeal rejection letter itself—which was not confidential—clearly discloses "the Bosch filling system that is registered by the Ross Products Division

of Abbott Laboratories." Ex. 19, STEUBEN104823. Defendants' expert Bresnahan also testified ███REDACTED███

███REDACTED███

███REDACTED███. Ex. 8, 75:10-18; 84:6-20; 91:9-21; 93:16-95:1. Bresnahan also testified ███REDACTED███

███REDACTED███

███REDACTED███. *Id.*, 92:3-10.

17. Disputed. Steuben admits the Ross Machine ███REDACTED███

███REDACTED███. *See* Mot. at 1. Abbott ███REDACTED███

███REDACTED███

███REDACTED███

███REDACTED███. *See* Ex.12, ABT/SHI003027 ███REDACTED███

███REDACTED███

███REDACTED███; *id.*, ABT/SHI003030-31 (███REDACTED███

███REDACTED███

18. Undisputed.

19. Undisputed.

20. Disputed. ███REDACTED███

███REDACTED███

6

██████ REDACTED ██████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████

21. Disputed. ██████ REDACTED ██████

██████████████████████████████████

██████████████████████████. Further, Steuben points out that REDACTED

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████.

22. Undisputed.

23. Disputed. The cited testimony from Mr. Bresnahan REDACTED

██████████████████████████████████

██████████████████████████████████

██████████. *See id.*

24. Undisputed.

25. Undisputed.

26. Undisputed.

7

27. Undisputed.

28. Disputed. Defendants' experts rely on numerous other documents related to the Ross Machine that predate February 2, 1999 other than Ex. 11. *See* Ex. 13, ¶¶100-111 (relying on, *inter alia*, ABT/SHI003027-28, 3030-31; ABT/SHI00001492; ABT/SHI001531-32; ABT/SHI001540; and ABT/SHI001568); Ex. 13, Materials Considered at 2 (relying on ABT/SHI000001-13; ABT/SHI000090-249); *see also* Ex. 14, ¶¶54-57, Materials Considered at 1 (same).

29. Disputed. Steuben cites to no evidence supporting this fact. REDACTED



30. Disputed. The cited testimony of Bresnahan REDACTED . *See* Ex. 8, 12:22-13:8, 85:21-86:10.

31. Undisputed.

## DEFENDANTS' COUNTERSTATEMENT
## <u>OF UNDISPUTED MATERIAL FACTS</u>

1. Ross Laboratories  REDACTED

REDACTED . Ex. 12, ABT/SHI003030.

2. REDACTED

REDACTED . Ex. 11, ABT/SHI000445.

3. REDACTED

|  | Respectfully submitted, |
|---|---|
|  | /s/ *Karen E. Keller* |
|  | Karen E. Keller (No. 4489) |
|  | Jeff Castellano (No. 4837) |
|  | Nathan R. Hoeschen (No. 6232) |
|  | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| J.C. Rozendaal | 1105 North Market Street, 12th Floor |
| Byron L. Pickard | Wilmington, DE 19801 |
| Michael E. Joffre | (302) 298-0700 |
| Deirdre M. Wells | kkeller@shawkeller.com |
| William H. Milliken | jcastellano@shawkeller.com |
| Jean Paul Y. Nagashima | nhoeschen@shawkeller.com |
| Anna G. Phillips |  |
| Robert E. Niemeier | *Attorneys for Defendants Shibuya* |
| STERNE, KESSLER, GOLDSTEIN | *Hoppmann Corporation, Shibuya* |
|  & FOX P.L.L.C | *Kogyo Co., Ltd., and HP Hood LLC* |
| 1100 New York Avenue NW, Suite 600 |  |
| Washington, DC 20005 |  |
| (202) 371-2600 |  |

Dated: June 21, 2021

10

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing **Defendants' Response To Steuben's Concise Statement Of Undisputed Facts In Support Of Its Motion For Summary Judgment No. 1 – Third Party Confidential Information Is Not Prior Art** complies with the typeface requirements and word limits of Paragraph 18 of the Scheduling Order entered in this case (D.I. 512). This statement has been prepared in 14-Point Times New Roman and contains 1,470 words, excluding the cover page, signature block, and this certificate of compliance.

/s/ *Karen E. Keller*
Karen E. Keller (No. 4489)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com

## **CERTIFICATE OF SERVICE**

I, Karen E. Keller, hereby certify that on June 21, 2021, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**
Timothy Devlin
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
Fax: (302) 353-4251
tdevlin@devlinlawfirm.com

Olivia E. Marbutt
KENT & RISLEY LLC
5755 N. Point Parkway, Suite 57
Alpharetta, GA 30022
(404) 855-3865
oliviamarbutt@kentrisley.com

Cook Alciati
GARDELLA GRACE
80 M Street SE, 1st Floor
Washington, DC 20003
(703) 556-9600
calciati@gardellagrace.com

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC*