IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | ) | |
| | ) | Redacted: Public Version |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 19-2181-CFC-CJB |
| | ) | |
| SHIBUYA HOPPMANN CORP., | ) | ██████████████████ |
| SHIBUYA KOGYO CO., LTD., and | ) | |
| HP HOOD LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT (NO. 4) OF
<u>INVALIDITY OF U.S. PATENT NOS. 6,536,188 AND 6,209,591</u>**

OF COUNSEL:
J.C. Rozendaal
Byron L. Pickard
Michael E. Joffre
Deirdre M. Wells
William H. Milliken
Jean Paul Y. Nagashima
Anna G. Phillips
Robert E. Niemeier
STERNE, KESSLER, GOLDSTEIN
 & FOX P.L.L.C
1100 New York Avenue NW, Suite 600
Washington, DC 20005
(202) 371-2600

Dated: June 30, 2021

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendants Shibuya
Hoppmann Corporation, Shibuya
Kogyo Co., Ltd., and HP Hood LLC*

# **<u>TABLE OF CONTENTS</u>**

I.    The claim terms "rate greater than 100 bottles per minute" and
      "rate of more than 350 bottles per minute" have no upper limit. ....................1

II.   The specifications do not enable or describe any of the
      throughputs in question. .................................................................................3

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ALZA Corp. v. Andrx Pharm., LLC*,
   603 F.3d 935 (Fed. Cir. 2010)..............................................................................................4

*Andersen Corp. v. Fiber Composites, LLC*,
   474 F.3d 1361 (Fed. Cir. 2007)........................................................................................2, 4

*MagSil Corp. v. Hitachi Global Storage Technologies, Inc.*,
   687 F.3d 1377 (Fed. Cir. 2012)..........................................................................................2

*McRO, Inc. v. Bandai Namco Games Am., Inc.*,
   959 F.3d 1091 (Fed. Cir. 2020)..........................................................................................1

*Steuben Foods, Inc. v. Oystar USA, Inc.*,
   2021 WL 630906 (W.D.N.Y. 2021) ...................................................................................3

Steuben's attempts to show that its patents enable and describe the unbounded claim terms "greater than 100 bottles per minute" and "more than 350 bottles per minute" fail. Steuben's primary argument is that aseptic bottling speeds have a practical upper limit, so the claims must be so limited or else they would not be enabled. This argument is circular. Steuben *assumes* the claims are enabled and then attempts to define their scope accordingly. That approach is backwards: one must define claim scope *first* and *then* determine whether that full scope is enabled. *McRO, Inc. v. Bandai Namco Games Am., Inc.*, 959 F.3d 1091, 1100 (Fed. Cir. 2020) (enablement inquiry is conducted "[o]nce the precise scope of the claimed invention is defined").

Steuben concedes that the claims have no explicit upper limit. There is no well-known inherent upper limit to bottling speeds (like there is, for example, to the pH scale). And nothing in the patents suggests any inherent upper limit, as the W.D.N.Y. court correctly found. This alone is sufficient to resolve this motion: Steuben concedes that its specification does not enable or describe an unbounded throughput. Moreover, even if the claims had an inherent upper limit, the patents do not suggest how to reach it. Summary judgment should be granted.

## I. The claim terms "rate greater than 100 bottles per minute" and "rate of more than 350 bottles per minute" have no upper limit.

Steuben concedes (at 7) that the claims fail to identify any express upper limit on bottling speed. And a skilled artisan would not read them to contain an

inherent upper limit because there is no known scientific principle that would allow a skilled artisan to identify it. Mot. 6-7.

Steuben relies on *Andersen Corp. v. Fiber Composites, LLC*, 474 F.3d 1361, 1376-77 (Fed. Cir. 2007), to argue that unbounded claims are permissible if there is an inherent upper limit and the patent enables a POSA to approach it. But in *Andersen*, the invention—polymer-wood fiber composite with a Young's modulus over 500,000—had an upper limit "somewhere between the Young's modulus of the wood fiber and that of the polymer." *Id.* Steuben has not identified a corresponding limit here; Steuben simply says it must be less than infinity. And while Sharon stated that the limit was between 1,000-2,000 bpm, he provided no rationale or evidentiary support. Ex. QQ, 171:2-4.

Steuben's attempt to distinguish *MagSil Corp. v. Hitachi Global Storage Technologies, Inc.*, 687 F.3d 1377 (Fed. Cir. 2012), fails. Steuben argues (at 7-8) that the claim in *MagSil* was not enabled because "transformative changes in data storage technology" led to resistance changes of over 600% not envisioned at the time of filing. But Steuben's newfound upper limit of 1,000-2,000 bpm would result in greater changes in bottling speed—a 900% to 1,900% increase over the '188 patent's 100 bpm rate. Enablement is determined "as of the effective filing date of the patent." *Id.* at 1380. And, apart from Sharon's *ipse dixit,* there is

no evidence of what the upper limit on the claimed speed is even today—let alone 20 years ago.

Steuben's assertion (at 4) that the experts "agreed upon" an inherent upper-limit range of 1,000-2,000 bpm is wrong. Glancey testified that the claims have ███████████████████████████████████████████ Ex. 7, 161:10-12. His testimony aligns with the W.D.N.Y. decision, which held that the claims have no upper limit. *Steuben Foods, Inc. v. Oystar USA, Inc.*, 2021 WL 630906, at *10 (W.D.N.Y. 2021).

Finally, Steuben claims (at 10) ignorance as to what "Defendants mean by 'arbitrarily high throughput.'" Defendants mean exactly what Steuben meant in its *Markman* briefing: "If the…process operates at rates greater than 100/350 bottles per minute, it is within the scope of the patent." Dkt. 526, 77-78.

## II. The specifications do not enable or describe any of the throughputs in question.

A. Steuben concedes that the patents do not enable or describe the full scope of the claims as written, with no upper limit. Opp. 7; RSUF ¶3.

B. Moreover, even if there were an inherent upper limit somewhere, the patents fail to identify it and do not enable a POSA to approach it. SUMF ¶¶ 4-6. Indeed, Steuben does not argue that anything above Sharon's arbitrary 1,000-2,000 rate is enabled or described. Accordingly, if the "inherent upper limit" (wherever it is) is above Sharon's vague 1,000-2,000 bpm range, the claims are invalid.

**C.**     Finally, even if the claims had Sharon's 1,000-2,000 upper limit, they would need to enable a POSA to at least "approach that limit." *Andersen*, 474 F.3d at 1376-77. But the patents here do not. Nor is there any description how to achieve such high speeds without undue experimentation. At most, the '188 patent describes a 100-bpm rate, and the '591 patent describes a 360-bpm rate. SUMF ¶10; Ex. LL-MM. Steuben "cannot simply rely on the knowledge of a person of ordinary skill to serve as a substitute for the missing information in the specification." *ALZA Corp. v. Andrx Pharm., LLC*, 603 F.3d 935, 941 (Fed. Cir. 2010).

|  |  |
|---|---|
|  | Respectfully submitted, |
| OF COUNSEL: | /s/ Karen E. Keller |
| J.C. Rozendaal | Karen E. Keller (No. 4489) |
| Byron L. Pickard | Jeff Castellano (No. 4837) |
| Michael E. Joffre | Nathan R. Hoeschen (No. 6232) |
| Deirdre M. Wells | SHAW KELLER LLP |
| William H. Milliken | I.M. Pei Building |
| Jean Paul Y. Nagashima | 1105 North Market Street, 12th Floor |
| Anna G. Phillips | Wilmington, DE 19801 |
| Robert E. Niemeier | (302) 298-0700 |
| STERNE, KESSLER, GOLDSTEIN | kkeller@shawkeller.com |
| & FOX P.L.L.C | jcastellano@shawkeller.com |
| 1100 New York Avenue NW, Suite 600 | nhoeschen@shawkeller.com |
| Washington, DC 20005 |  |
| (202) 371-2600 | *Attorneys for Defendants Shibuya* |
|  | *Hoppmann Corporation, Shibuya* |
| Dated: June 30, 2021 | *Kogyo Co., Ltd., and HP Hood LLC* |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Defendants' Reply Brief In Support of Their Motion for Summary Judgment (No. 4) of Invalidity of U.S. Patent Nos. 6,536,188 and 6,209,591 complies with the typeface requirements and word limits of Paragraph 18 of the Scheduling Order entered in this case (D.I. 512). This brief has been prepared in 14-Point Times New Roman and contains 847 words, excluding the cover page, table of contents, table of authorities, signature block, and this certificate of compliance. Defendants' reply brief in support of case dispositive motions and *Daubert* motions combined contain 6,250 words or less.

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
Shaw Keller LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

*Attorneys for Defendants Shibuya Hoppmann Corporation, Shibuya Kogyo Co., Ltd., and HP Hood LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Karen E. Keller, hereby certify that on June 30, 2021, this document was

served on the persons listed below in the manner indicated:

<u>**BY EMAIL**</u>
Timothy Devlin
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
Fax: (302) 353-4251
tdevlin@devlinlawfirm.com

Olivia E. Marbutt
Kent & Risley LLC
5755 N. Point Parkway, Suite 57
Alpharetta, GA 30022
(404) 855-3865
oliviamarbutt@kentrisley.com

Cook Alciati
GARDELLA GRACE
80 M Street SE, 1st Floor
Washington, DC 20003
(703) 556-9600
calciati@gardellagrace.com

/s/ Karen E. Keller
Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants Shibuya*
*Hoppmann Corporation, Shibuya*
*Kogyo Co., Ltd., and HP Hood LLC*

6