

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

October 27, 2021

**Public Version filed
November 3, 2021**

**VIA CM/ECF**

The Honorable Colm F. Connolly
United States District Court
  for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 31, Room 4124
Wilmington, DE 19801-3555

      Re:   *Steuben Foods, Inc. v. Shibuya Hoppmann Corp., et al.*,
            C.A. No. 1:19-cv-02181-CFC-CJB

Dear Chief Judge Connolly:

    I write on behalf of Plaintiff Steuben Foods, Inc. concerning a discovery matter that arose last week. On October 19 (the day before the Pretrial Order was due to be filed), Defendants provided Steuben with an updated Exhibit List, which included ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as DTX258 and DTX259. The ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ concern the patents-in-suit but Defendants had withheld them from production during discovery. Copies of the ▓▓▓▓▓▓▓▓▓▓ are attached hereto as Exhibits A and B.

    The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were executed during the pendency of this lawsuit in 2017 and 2018 and relate to machines (the "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓") *other than* the machines that will be the subject of the upcoming trial. The agreements refer to this litigation and include the defined term "Patents-in-Suit," which refers to the six patents Steuben originally asserted against Defendants. ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓

The Honorable Colm F. Connolly
October 27, 2021
Page 2

The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ concerning the very Patents-in-Suit were plainly discoverable, responsive to Steuben's discovery requests, and should have been produced. To be sure, there was no legitimate basis for Defendants to knowingly withhold them from production. For example, Steuben's Request for Production No. 25 to Shibuya called for the production of "All documents and communications concerning the Patents-in-Suit." Following a meet and confer, Defendants agreed to produce non-privileged documents responsive to this request. Steuben had no reason to question whether Defendants actually had produced the documents they agreed to produce. That supposedly complete production was made in the ordinary course of discovery, months ago.

Within an hour of receiving the documents last week, Steuben wrote Defendants to ask why the documents had never been produced in discovery.[1] Defendants explained that even though ▓▓▓▓▓▓▓▓▓▓ expressly referred to the Patents-in-Suit, they were inadvertently included on Defendants' exhibit list and that they did not intend to produce them. In response, Steuben asked for basic information concerning the ▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ (*e.g.*, the type of filling valve included in the machines and the number of bottles run on those machines through patent expiration). Steuben requested such information so that it could determine the significance of Defendants' failure to produce the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ with the hope of working with counsel to avoid bringing a dispute to Your Honor's attention. Defendants refused to provide any such information because the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were "not accused . . . of infringement.

Defendants' position misses the point entirely. Because Defendants decided to withhold ▓▓▓▓▓▓▓▓ demonstrating that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ were obviously relevant, Steuben did not pursue the discovery needed to accuse the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ of infringement. In fact, Steuben had served discovery seeking information concerning the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and Defendants made clear that they would not produce documents absent motion practice based on the assertion that the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ had nothing to do with the Patents-in-Suit—an assertion that in light of existing information is clearly wrong. Had Defendants

---

[1] To avoid cluttering the docket, Steuben is not attaching discovery requests, responses, and correspondence to this letter. Should the Court desire such documents, Steuben stands ready to provide them.

The Honorable Colm F. Connolly
October 27, 2021
Page 3

produced the ███████ concerning the Patents-in-Suit during discovery, Steuben most certainly would have pursued discovery concerning the ███████.

Steuben has waited for its trial date for over a decade and does not seek to move it. Instead, Steuben requests a discovery sanction in a form the Court deems appropriate. Steuben believes that one option is an Order that Steuben's expert, Dr. Blackburn, can include the number of bottles run on the ███████ prior to patent expiration within his damages calculation to be presented to the jury. An alternative option would involve an instruction that the jury may infer that Defendants withheld relevant information, and that the jury may consider bottles run on these machines as part of any damages award. To be clear, should the jury not find liability in this matter, any sanction imposed here should not preclude Steuben from separately initiating an infringement action involving these ██ machines (if good faith otherwise exists).

Sanctions are warranted given the circumstances and will mitigate the prejudice Defendants caused by intentionally withholding responsive, non-privileged ███████ ███████ concerning the Patents-in-Suit from production. Had Defendants produced the ███████ during discovery and/or been willing to discuss the issue in good faith with Steuben, they would have been able to avoid the sanction. Defendants did neither and instead sought to hide behind the fact that Steuben did not accuse the ███████ of infringement when Defendants intentionally withheld information that would have allowed Steuben to assess whether an accusation of infringement was warranted.

Counsel for Steuben is available to address this matter at the Court's convenience. Please let us know if the Court has any questions.

Respectfully,

*/s/ Timothy Devlin*

Timothy Devlin (No. 4241)

Enclosures
cc: Clerk of the Court (via CM/ECF, w/encls.)
    Counsel of Record (via CM/ECF & Email, w/encls.)

The Honorable Colm F. Connolly
October 27, 2021
Page 4

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that copies of the within filing were served on counsel of record via electronic mail on October 27, 2021.

*/s/ Timothy Devlin*
Timothy Devlin (No. 4241)

# EXHIBIT A

██████████████████████

REDACTED

# EXHIBIT B

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

REDACTED

REDACTED