IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | **Redacted - Public Version** |
| | ) | |
| v. | ) | C.A. No. 19-2181-CFC-CJB |
| | ) | |
| SHIBUYA HOPPMANN CORP., | ) | |
| SHIBUYA KOGYO CO., LTD., and | ) | |
| HP HOOD LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**LETTER TO THE HONORABLE COLM F. CONNOLLY FROM
NATHAN R. HOESCHEN**

<table>
<tr><td>

OF COUNSEL:
J.C. Rozendaal
Byron L. Pickard
Michael E. Joffre
Anna G. Phillips
William H. Milliken
Robert E. Niemeier
Deirdre M. Wells
STERNE, KESSLER, GOLDSTEIN
 & FOX PLLC
1100 New York Ave. NW, Suite 600
Washington, DC  20005
(202) 371-2600

</td><td>

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants Shibuya
Hoppmann Corporation, Shibuya
Kogyo Co., Ltd., and HP Hood LLC*

</td></tr>
</table>

Jean Paul Y. Nagashima
FROST BROWN TODD LLC
20 F Street NW, Suite 850
Washington, DC 20001
(202) 292-4150

Dated: October 29, 2021



Nathan R. Hoeschen
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

October 29, 2021

**BY CM/ECF & HAND DELIVERY**          **Redacted - Public Version**

The Honorable Colm F. Connolly
United States District Court
844 N. King Street
Wilmington, DE  19801

Re:   *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*,
      C.A. No. 19-2181-CFC-CJB

Dear Chief Judge Connolly:

      I write on behalf of defendants Shibuya and HP Hood in the above-referenced matter in response to the October 27, 2021 letter from plaintiff Steuben's counsel concerning the defendants' inadvertent production of ████
███████████████████████████████████████████████████████████████████
███████████████████

      In the October 27 letter, Steuben seeks sanctions against Shibuya and HP Hood on the ground that these ███████████ should have been produced during the discovery period. Steuben's letter fails to comply with this Court's scheduling order, which requires that "Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1." Dkt. 512 at 16.  Steuben's letter is not a motion and does not contain the statement required by Local Rule 7.1.1 because Steuben did not comply with Local Rule 7.1.1 before submitting its letter. These procedural deficiencies suffice to justify denying the requested relief.  More fundamentally, however, Steuben's request is untimely by months and baseless on the merits.

      As to timeliness: Steuben has known about HP Hood's ██████████ for years now.  In fact, Steuben elicited testimony at the deposition of Mr. Lee Baker, HP Hood's Senior Director of Engineering, about the location of the ████████ and the kind of sanitizer that they use. Shibuya and HP Hood have consistently objected to discovery concerning the ██████████ as not relevant to any claim or defense, not proportionate to the needs of the case, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. And, in the



SHAW KELLER LLP
The Honorable Colm F. Connolly
Page 2

many years that this case has been pending, Steuben *never sought to compel production of any information about HP Hood's* ███████. Discovery closed in this case long ago, and the parties are only about two weeks away from the start of a jury trial. The time for Steuben to move for discovery on HP Hood's ████████ has long passed.

As to the merits: Shibuya and HP Hood were under no obligation to produce these ████████ Steuben's wildly overbroad discovery request for "[a]ll documents and communications concerning the Patents-in-Suit" certainly imposed no such duty, and, contrary to Steuben's suggestion, Defendants never agreed to produce documents in response to full scope of that request as originally drafted. Information concerning the ████████, in particular, is irrelevant to this case. The ████████ have never been accused of infringement of the patents-in-suit and could not plausibly be accused of infringement.  That is so for two reasons.

*First*, the patents in suit are directed to *aseptic* food processing and filling, not ████████, which is different from aseptic processing—so different that ████████ need to be refrigerated, while aseptically packaged food products do not. The ████████ that are the subject of the ████████ ████████ are not designed for aseptic processing, have not been validated for aseptic processing, and have not been used for aseptic processing. Accordingly, there is no plausible basis for asserting that the machines infringe the patents in suit.

*Second*, the ████████ use oxonia as a sanitizer (unlike HP Hood's aseptic fillers, which use hydrogen peroxide as the sterilant). In related litigation on these same patents in the Western District of New York, Steuben aggressively litigated the question whether machines that use oxonia fall within the scope of the asserted patents, and it lost on that issue. In the Western District of New York, final judgments of non-infringement have been entered for all accused fillers that use oxonia to disinfect the food containers. *See Steuben Foods, Inc. v. GEA Process Eng'g, Inc.*, No. 1:12-cv-904, Dkt. 633 (W.D.N.Y. May 3, 2021); *Steuben Foods, Inc. v. Nestlé USA, Inc.*, No. 1:13-cv-892, Dkt. 470 (W.D.N.Y. Apr. 2, 2021). Issue preclusion thus prevents Steuben from asserting in this case that machines that rely on oxonia infringe the patents-in-suit. *See Galderma Lab'ys Inc. v. Amneal Pharms., LLC*, 921 F. Supp. 2d 278, 281 (D. Del. 2012) (district court's final judgment results in collateral estoppel even if an appeal of that judgment is pending). The use of oxonia is an independent reason why HP Hood's ████████ cannot reasonably be accused of infringing the patents in this case.



SHAW KELLER LLP

The Honorable Colm F. Connolly

Page 3

Nothing in the ▉▉▉▉▉▉▉▉▉▉▉ contradicts the fundamental facts that the fillers at issue (1) are ▉▉▉▉▉ and not aseptic fillers and (2) use oxonia as a sanitizer. Indeed, the agreements on their face state that ▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Steuben's requested relief—an order permitting Steuben's damages expert to submit a brand-new damages calculation that includes bottles run on these irrelevant machines or an adverse instruction that would permit the jury to arbitrarily increase its damages award—is telling. Steuben is not actually interested in information about the ▉▉▉▉▉▉, which it surely knows it cannot plausibly accuse of infringement. Instead, Steuben is trying to use Defendants' inadvertent production of irrelevant documents as a means to effect a last-minute inflation of its potential damages number. Steuben's request for sanctions should be denied.

Respectfully,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:   Clerk of the Court (via CM/ECF & Hand Delivery)
       All Counsel of Record (via CM/ECF & Email)