# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STEUBEN FOODS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:19-cv-02181-CFC-CJB |
| | ) | |
| SHIBUYA HOPPMANN CORP., | ) | ██████████████ |
| SHIBUYA KOGYO CO., LTD., and | ) | |
| HP HOOD LLC, | ) | **Public Version filed November 3, 2021** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>JOINT PRETRIAL ORDER</u>

Timothy Devlin (No. 4241)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com

W. Cook Alciati
GARDELLA GRACE P.A.
80 M Street SE, 1st Floor
Washington, DC 20003
(703) 556-9600
calciati@gardellagrace.com

Olivia E. Marbutt
KENT & RISLEY LLC
5755 North Point Parkway, Ste. 57
Alpharetta, GA 30033
(404) 855-3865

*Attorneys for Plaintiff Steuben Foods,
Inc.*

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

J.C. Rozendaal
Byron L. Pickard
Michael E. Joffre
Deirdre M. Wells
Anna G. Phillips
William H. Milliken
Robert E. Niemeier
STERNE, KESSLER, GOLDSTEIN & FOX,
P.L.L.C.

1100 New York Ave. NW, Suite 600
Washington, DC 20005
(202) 371-2600
jcrozendaal@sternekessler.com
bpickard@sternekessler.com
mjoffre@sternekessler.com
dwells@sternekessler.com
aphillips@sternekessler.com
wmilliken@sternekessler.com
rniemeier@sternekessler.com

Jean Paul Y. Nagashima
FROST BROWN TODD LLC
20 F Street NW, Suite 850
Washington, DC 20001
(202) 292-4150
ynagashima@fbtlaw.com

*Attorneys for Defendants Shibuya
Hoppmann Corporation, Shibuya
Kogyo Co., Ltd., and HP Hood LLC*

October 20, 2021

## <u>TABLE OF CONTENTS</u>

I.   Nature of the Action ........................................................................................3

   A.   The Parties .........................................................................................3

   B.   Complaint and Amended Complaint ..................................................3

      1.   Shibuya Defendants ................................................................3

      2.   Hood ......................................................................................4

   C.   Prior Motions and Orders ..................................................................5

   D.   Summary Judgment ...........................................................................6

   E.   Parties' Stipulations Concerning Claims and Defenses .....................7

   F.   Claims To Be Litigated At Trial ........................................................9

II.   Basis of Federal Jurisdiction ...........................................................................11

III.   Facts .................................................................................................................12

   A.   Joint Statement of Uncontested Facts ..............................................12

   B.   Parties' Statement of Contested Facts to be Litigated at Trial.........12

IV.   Parties' Statement of Issues of Law to be Litigated at Trial ..........................13

V.   Exhibits.............................................................................................................13

VI.   Witnesses .........................................................................................................16

VII.   Plaintiff's Statement of Intended Proof..........................................................17

VIII.   Defendants' Statement of Proof ......................................................................19

IX.   Motions *in Limine*...........................................................................................21

X.   Amendments to Pleadings................................................................................21

XI.   Settlement ........................................................................................................21

XII.   Discovery.........................................................................................................21

XIII.   Number of jurors .............................................................................................22

XIV.   Length of Trial.................................................................................................22

XV.   Trial Disclosure Schedule ...............................................................................24

XVI.   Additional Matters...........................................................................................27

   A.   Jury Notes ........................................................................................27

   B.   Handling of Confidential Information at Trial.................................27

C.    Set-Up of Electronic and Computer Equipment .........................................28

D.    Federal Judicial Center's Patent Video ......................................................28

XVII.  Order to Control Course of Action..............................................................28

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure.  Trial is scheduled to begin on November 15, 2021.  In advance of the Pretrial Conference on November 10, 2021, counsel for Plaintiff Steuben Foods, Inc. ("Plaintiff" or "Steuben") and Defendants Shibuya Hoppmann Corporation ("Shibuya Hoppmann"), Shibuya Kogyo Co., Ltd. ("Shibuya Kogyo"; collectively with Shibuya Hoppmann, "Shibuya"), and HP Hood LLC ("Hood"; collectively with Shibuya, "Defendants") submit this Joint Pretrial Order governing trial of this action pursuant to Fed. R. Civ. P. 16 and D. Del. L.R. 16.3.

**Counsel for Steuben:**
Timothy Devlin (No. 4241)
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
(302) 449-9010
tdevlin@devlinlawfirm.com

W. Cook Alciati
Chad E. Ziegler
GARDELLA GRACE P.A.
80 M Street SE, 1st Floor
Washington, DC 20003
(703) 556-9600
calciati@gardellagrace.com

Olivia E. Marbutt
KENT & RISLEY LLC
5755 North Point Parkway, Ste. 57
Alpharetta, GA  30033
(404) 855-3865
oliviamarbutt@kentrisley.com

1

**Counsel for Defendants:**

Karen E. Keller (No. 4489)
Jeff Castellano (No. 4837)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
jcastellano@shawkeller.com
nhoeschen@shawkeller.com

J.C. Rozendaal
Byron L. Pickard
Michael E. Joffre
Deirdre M. Wells
William H. Milliken
Anna G. Phillips
Robert E. Niemeier
STERNE, KESSLER, GOLDSTEIN & FOX, P.L.L.C.
1100 New York Ave. NW, Suite 600
Washington, DC 20005
(202) 371-2600

Jean Paul Y. Nagashima
FROST BROWN TODD LLC
20 F Street NW, Suite 850
Washington, DC 20001
(202) 292-4150
ynagashima@fbtlaw.com

## I.    Nature of the Action

### A.    The Parties

1.    Plaintiff Steuben is a corporation organized and existing under the laws of New York with a principal place of business in Elma, New York.  Steuben is a contract manufacturer of low acid aseptic food products.

2.    Defendant Shibuya Hoppmann is a corporation organized and existing under the laws of Delaware.  Shibuya Hoppmann is an equipment supplier that sells, *inter alia*, aseptic bottling equipment.

3.    Defendant Shibuya Kogyo is a corporation organized and existing under the laws of Japan. Shibuya Kogyo is an equipment manufacturer that, among other things, manufactures and sells aseptic bottling equipment.

4.    Defendant Hood is a limited liability company organized and existing under the laws of Delaware.  Among other things, Hood both bottles its own products as well as offering bottling filling contract manufacturing services.

### B.    Complaint and Amended Complaint

#### 1.    Shibuya Defendants

5.    On September 29, 2010, Plaintiff Steuben filed a Complaint for patent infringement against Shibuya Hoppmann alleging infringement of U.S. Patent Nos. 6,945,013 ("the '013 Patent"); 6,702,985 ("the '985 Patent"); 6,536,188 ("the '188 Patent");  6,481,468 ("the '468 Patent");  6,475,435 ("the '435 Patent");  and

6,209,591 ("the '591 Patent") (D.I. 1) in the United States District Court for the Western District of New York.

6.     On September 6, 2011, Defendant Shibuya Hoppmann filed its answer and defenses and asserted counterclaims for all Asserted Patents (D.I. 39).

7.     Plaintiff Steuben filed its answer and defenses to Shibuya Hoppmann's counterclaims on September 27, 2011 (D.I. 42).

8.     On August 7, 2012, Plaintiff Steuben filed an Amended Complaint (D.I. 100) for patent infringement against Shibuya Hoppmann and Shibuya Kogyo alleging infringement of the '013 Patent, the '985 Patent, the '188 Patent, the '468 Patent, the '435 Patent, and the '591 Patent.

9.     On August 24, 2012, Defendant Shibuya Hoppmann filed its answer and defenses to the Amended Complaint and asserted counterclaims for all Asserted Patents (D.I. 106).

10.     Plaintiff Steuben filed its answer and defenses to Shibuya Hoppmann's counterclaims on January 17, 2014 (D.I. 138).

11.     On January 17, 2014, Defendant Shibuya Kogyo filed its answer and defenses to the Amended Complaint (D.I. 137).

### 2.     Hood

12.     On March 12, 2012, Plaintiff Steuben filed a Complaint for patent infringement against Hood alleging infringement of the '013 Patent, the '985 Patent,

the '188 Patent, the '468 Patent, the '435 Patent, and the '591 Patent (D.I. 1 in 12-cv-211 (W.D.N.Y)).

13.    On May 10, 2012, Hood filed its answer and affirmative defenses to the Complaint (D.I. 13 in 12-cv-211 (W.D.N.Y)).

14.    On August 11, 2015, the cases against Shibuya and Hood were consolidated for all purposes, including trial (D.I. 183).

### C.    Prior Motions and Orders

15.    On November 22, 2019, the Western District of New York entered a Decision and Order transferring this case to this Court (D.I. 481).  Thereafter, the case was assigned to Chief Judge Connolly and referred to Magistrate Judge Burke for pretrial matters other than dispositive and *Daubert* motions.

16.    On February 11, 2020, the Court stayed the case as to the '468 Patent, the '013 Patent, and the '435 Patent (D.I. 500).

17.    The Court held a *Markman* hearing on August 20, 2020, in which it issued various claim construction rulings.  Thereafter, on September 1, 2020, the Court entered a claim construction Order reflecting the Court's oral rulings (D.I. 531).

18.    On June 3, 2021, the Court entered an Order denying Plaintiff's request to strike material from Dr. Glancey's report regarding non-infringing alternatives and restrict Mr. Thomas from offering opinions on non-infringing

alternatives, and permitting a supplemental deposition of Mr. Izumi regarding non-infringing alternatives (D.I. 606).

19.     On June 3, 2021, the Court entered an Order striking the portion of Dr. Glancey's report in which he asserts that the accused machines do not satisfy the claimed function of "providing a plurality of bottles," which is recited in the asserted claims of the '188 Patent (D.I. 607) and denying Plaintiff's request to strike portions of Dr. Glancey's report regarding his visual inspection of the accused machines. (D.I. 607).

20.     On June 21, 2021, the Court entered an Order denying Plaintiff's request for additional documents regarding Defendants' opinion of counsel (D.I. 669).

### D.     Pending Summary Judgment and *Daubert* Motions

21.     Steuben filed three summary judgment motions seeking rulings that would narrow issues for trial (D.I. 610, 614, 619).  Steuben's first motion asks the Court to find certain alleged prior art asserted against the '188 Patent to not in fact be viewed as prior art.  (D.I. 610).  Steuben's second motion asks the Court to find that Defendants have infringed the '591 Patent.  (D.I. 614).  The Court denied Steuben's second motion on October 13, 2021, finding that while literal infringement had been established, Defendants had raised a question of material fact on their defense under the reverse doctrine of equivalents that precluded a finding of

infringement.  Steuben's third motion asks the Court to find that Defendants cannot carry their burden to demonstrate that the ZFL reference anticipates the asserted claims of the '188 Patent.  (D.I. 619).  The Court has not yet ruled on Steuben's first and third motions.

22.     Defendants filed four summary judgment motions seeking rulings that would narrow or eliminate the issues in dispute at trial, which the Court denied on October 4, 2021.  (D.I. 608, 615, 623, 630, 751, 752).

23.     Defendants also filed two *Daubert* motions seeking to limit the permitted testimony of Drs. Sharon and Blackburn. (D.I. 633, 636).   Steuben likewise filed two *Daubert* motions seeking to limit the permitted testimony of Dr. Glancey and Mr. Thomas (D.I. 624, 626).

### E.     Parties' Stipulations Concerning Claims and Defenses

24.     Steuben withdraws its claims against Defendants for induced and contributory infringement as to all claims from the three asserted patents except that Steuben alleged that Shibuya Kogyo and Shibuya Hoppmann induced Hood to infringe claim 19 of the '188 patent.[1]

25.     Steuben has agreed to narrow the asserted claims from the asserted patents as follows:   claim 26 of the '591 Patent (asserted only against the P7

---

[1] Defendants contend that Steuben has not preserved and should not be permitted to make an induced infringement argument.

machine); claims 3 and 7 of the '985 Patent; and claims 19, 22, and 26 of the '188 Patent (claims 22 and 26 of the '188 Patent are asserted only against the P7 machine).

26.     Shibuya Kogyo withdraws the following affirmative defenses included in its January 17, 2014 Answer:  Affirmative Defense III:  Laches, Waiver, Acquiescence; Affirmative Defense V:  Lack of Personal Jurisdiction; Affirmative Defense VI:  Improper Venue; Affirmative Defense VII:  Inequitable Conduct in Prosecuting the '188 Patent; Affirmative Defense VIII:  Inequitable Conduct in Prosecuting Patents-in-Suit; Affirmative Defense IX:   Failing to Disclose Inventorship Under 35 U.S.C. §102(f); Affirmative Defense X:  Inequitable Conduct in Prosecuting Patents-in-Suit.

27.     Shibuya Hoppmann withdraws the following affirmative defenses included in its August 24, 2012 Answer:  Affirmative Defense III:  Laches, Waiver, Estoppel, and Acquiescence; Affirmative Defense V:  Lack of Personal Jurisdiction; Affirmative Defense VI:  Improper Venue;  Affirmative Defense VII:  Inequitable Conduct in Prosecuting the '188 Patent; Affirmative Defense VIII:  Inequitable Conduct in Prosecuting the Patents-in-Suit; Affirmative Defense IX:  Failure to Disclose Inventorship Under 35 U.S.C. § 102(f); Affirmative Defense X: Inequitable Conduct in Prosecuting Patents-in-Suit.

28.     Hood withdraws the following affirmative defenses included in its May 10, 2012 Answer:   Affirmative Defense IV:   Laches, Waiver, Estoppel,

Acquiescence; Affirmative Defense VII: Patent Misuses and Unclean Hands; Affirmative Defense VIII: Inequitable Conduct in Prosecuting the '188 Patent; Affirmative Defense X: Accord, Satisfaction, Release, and License; Affirmative Defense XII: Waiver.

### F.    Claims To Be Litigated At Trial

29.    Steuben alleges that Shibuya Kogyo and Shibuya Hoppmann have directly infringed: a) claim 26 of the '591 Patent; b) claims 3 and 7 of the '985 Patent; and c) claims 19, 22 and 26 of the '188 Patent by selling and importing into the United States three aseptic bottling machines known as P4,[2] P6,[3] and P7. Steuben alleges literal infringement only as to the '188 and '591 Patents and both literal infringement and infringement under the doctrine of equivalents as to the '985 Patent. Steuben also alleges that Shibuya induced Hood to infringe claim 19 of the '188 patent.[4]

30.    Steuben alleges that Hood has directly infringed a) claim 26 of the '591 Patent; b) claims 3 and 7 of the '985 Patent; and c) claims 19, 22, and 26 of the '188

---

[2] Only the '985 Patent and claim 19 of the '188 patent are asserted against the P4 machine.

[3] Only the '985 Patent and claim 19 of the '188 patent are asserted against the P6 machine.

[4] Defendants contend that Steuben has not preserved and should not be permitted to make an induced infringement argument.

Patent by using three aseptic bottling machines known as P4,[5] P6,[6] and P7.  Steuben alleges literal infringement only as to the '188 and '591 Patents and both literal infringement and infringement under the doctrine of equivalents as to the '985 Patent.

31.     Steuben alleges that Defendants' infringement was willful.

32.     Steuben seeks damages to compensate for Defendants' infringement in the form of lost profits and a reasonable royalty, with interest thereon. Plaintiff further seeks a judgment that this case is exceptional under 35 U.S.C. § 285, attorneys' fees, enhanced damages under 35 U.S.C. § 284, pre- and post-judgment interest, and such further relief in law or equity as this Court deems.

33.     Defendants deny that they infringe any claim of the Asserted Patents or that any alleged infringement was willful.

34.     Defendants contend that Steuben's ability to recover for any alleged infringement is limited by the failure of Steuben and/or its licensees to meet the requirements of 35 U.S.C. § 287.[7]

---

[5] Only the '985 Patent and claim 19 of the '188 patent are asserted against the P4 machine.

[6] Only the '985 Patent and claim 19 of the '188 patent are asserted against the P6 machine.

[7] Steuben contests that Defendants have preserved their affirmative defense under 35 U.S.C. § 287.

35.     Defendants contend that the doctrine of intervening rights prohibits Steuben from obtaining any damages for any reexam claim that issued after the accused machine was sold, imported, and/or in use.[8]

36.     Defendants contend that the asserted claims of the '188, '591, and '985 Patents are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

37.     Defendants deny that Plaintiff is entitled to any monetary, injunctive, or other relief. Defendants also deny that this case is exceptional under 35 U.S.C. § 285 and that attorneys' fees or any other relief in Plaintiff's favor is warranted or would be just or proper.

38.     Defendants seek a judgment that this case is exceptional under 35 U.S.C. § 285, attorneys' fees, and such further relief in law or equity as this Court deems just and appropriate.

## II.     Basis of Federal Jurisdiction

39.     This is a civil action for patent infringement arising under the patent laws of Title 35, United States Code. No party contests personal or subject matter jurisdiction for purposes of this action, and this Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§ 271, et seq., and 28 U.S.C. §§ 1331 and 1338.

---

[8] Steuben contends that Shibuya Kogyo and Shibuya Hoppmann waived the affirmative defense of intervening rights by failing to include that defense in their answers.

40.     No party contests venue for purposes of this action in this Court under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(b).

## III.   Facts

### A.     Joint Statement of Uncontested Facts

41.     Attached as **Exhibit 1** are facts that are not disputed or have been agreed to or stipulated to by the parties and require no proof at trial.  The facts set forth in **Exhibit 1** are part of the evidentiary record in the case.  Either party, with prior notice to the other party, may read any or all of the uncontested facts to the jury or Court, and will be charged for the time used to do so long as entire facts are read (i.e., the entire numbered paragraph).

### B.     Parties' Statement of Contested Facts to be Litigated at Trial

42.     Plaintiff's statement of contested facts that remain to be litigated is set forth in **Exhibit 2**.  Defendants' statement of contested facts that remain to be litigated is set forth in **Exhibit 3**.

43.     The parties reserve the right to modify or supplement their statements of fact that remain to be litigated to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

**IV.   Parties' Statement of Issues of Law to be Litigated at Trial[9]**

44.   Plaintiff's statement of the issues of law that remain to be litigated is set forth in **Exhibit 4**.  Defendants' statement of issues of law that remain to be litigated is set forth in **Exhibit 5**.

**V.   Exhibits**

45.   Steuben's trial exhibit list is attached as **Exhibit 6**.  Steuben identified its exhibits with "Plaintiff's Exhibit" numbers, starting with PTX1.  **Exhibit 6** also includes Defendants' objections to Steuben's trial exhibits.

46.   Defendants' trial exhibit list is attached as **Exhibit 7**.  Defendants identified their exhibits with "Defendants' Exhibits", starting with DTX1.  **Exhibit 7** also includes Steuben's objections to Defendants' trial exhibits.

47.   The descriptions of the documents in Exhibits 6-7 are for convenience of the parties and the Court only, and do not constitute admissions about the content or admissibility of the documents described, or other aspects of the documents.

48.   A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial.

49.   Each party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to

---

[9] Subject to the Court's rulings on the pending motions for summary judgment, *Daubert* motions, and motions *in limine*.

objections. Any exhibit, once admitted, may be used by either party. The listing of an exhibit by a party on its exhibit list does not waive any objections to that exhibit by the listing party should the opposing party attempt to offer it into evidence. In other words, a party does not waive its objections to an exhibit by including that exhibit on its own exhibit list.

50.     The parties agree that any date listed on an exhibit list is provided for convenience only and is neither evidence nor an admission of the date of the document, and that failing to list a date on an exhibit list is neither evidence nor an admission of whether the document is dated.

51.     Legible photocopies of United States patents may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which may be made to the admissibility of certified copies. Likewise, legible photocopies of United States patent applications may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

52.     Legible photocopies of documents may be offered and received into evidence in lieu of originals thereof, subject to all foundational requirements and other objections that might be made to the admissibility of originals, and subject to the right of the party against whom it is offered to inspect an original upon request reasonably in advance of any proposed use of the photocopy.

53.     The parties have agreed that the demonstrative exhibits the parties intend to use at trial need not be included on their respective lists of trial exhibits to be filed with the Court.

54.     The parties agree that they will not pre-exchange or identify exhibits or demonstratives to be used with any witness on cross-examination.

55.     Subject to other provisions of this Order, no party shall be permitted to offer as evidence any exhibit not present on an exhibit list absent good cause shown or by agreement of the parties, except that documents, deposition transcripts, or portions thereof, or other items, not specifically identified herein or offered into evidence, may still be used at trial for purposes of cross-examination, impeachment, or rehabilitation, if otherwise competent for such purposes.

56.     Unless otherwise stipulated between the parties, no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point promptly after completion of the witness's testimony, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence by exhibit number. Once admitted, counsel may publish exhibits to the jury without requesting to do so.

57.     On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party.

## VI.    Witnesses

58.    Steuben's list of witnesses that may be called to testify at trial is attached as **Exhibit 8**.  Defendants' list of witnesses that may be called to testify at trial is attached as **Exhibit 9**.

59.    Each fact witness will be called only once, except as necessary for rebuttal. Witnesses appearing live will not be called via deposition designation.

60.    Steuben's list of deposition designations is attached as **Exhibit 10**. Also included in **Exhibit 10** are Defendants' objections and counter-designations to the testimony offered by Steuben and Steuben's objections to Defendants' counter-designations.

61.    Defendants' list of deposition designations is attached as **Exhibit 11**. Also included in **Exhibit 11** are Steuben's objections and counter-designations to the testimony offered by Defendants and Defendants' objections to Steuben's counter-designations.

62.    Any witness not listed on Exhibits 8-11 will be precluded from testifying, absent good cause shown.

63.    If a party designates deposition testimony, and the other party counter-designates, all deposition testimony will be read or played by video in chronological order.  Regardless of whether deposition testimony is read or played by video, the time for each party's designated portions will be charged to the designating party.

64.     The parties agree that objections, colloquy between counsel, long pauses (where agreed by both parties), and requests to have the court reporter read back a question may be eliminated when the deposition video is played or the transcript read at trial.

65.     The parties may offer some or all of the deposition testimony set forth in their designations during trial. If a party decides to offer less than all of the designated testimony for a witness at trial, the opposing parties may use such dropped testimony as counter-designations. A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented on at trial.

66.     Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise appropriate for such purpose.

## VII.   Plaintiff's Statement of Intended Proof

67.     Plaintiff's statement of intended proof at trial is limited to the issues for which Plaintiff bears the burden of proof at trial and does not address the proof that Plaintiff may choose to present in rebuttal to the defenses and counterclaims that Defendants may present in their case-in-chief or in Plaintiff's rebuttal case.[10]

---

[10] Defendants contend Steuben waives any argument that it does not include in the pretrial order. Defendants reserve all rights to object to arguments Steuben attempts to make that are not preserved in the pretrial order.

Plaintiff's statement is based upon the current status of the case and the Court's current rulings. Plaintiff reserves the right to revise this statement based on Defendant's statement of intended proof or any further decisions or orders of the Court. Plaintiff incorporates by reference its statements of contested facts and issues of law in Exhibits 2 and 4, respectively. The following statements are not exhaustive, and Plaintiff reserves the right to prove any matters identified in their pleadings, infringement contentions, interrogatory responses, or expert reports.

68.     At trial, Plaintiff intends to establish, through its presentation of evidence, that:

    a.     Defendants directly and literally infringed claim 26 of the '591 Patent.

    b.     Defendants directly and literally infringed claims 19, 22, and 26 of the '188 Patent.

    c.     Defendants directly infringed claims 3 and 7 of the '985 Patent, literally or under the doctrine of equivalents.

    d.     Shibuya Kogyo and Shibuya Hoppmann induced Hood to infringe claim 19 of the '188 patent.[11]

---

[11] Defendants contend that Steuben has not preserved and should not be permitted to make an induced infringement argument.

e.    Defendants' infringement of the '591, '188, and '985 Patents was willful.

f.    Steuben is entitled to damages in an amount adequate to compensate Steuben for Defendants' infringement, including without limitation a reasonable royalty in addition to lost profits.

g.    Steuben is entitled to enhanced damages.

h.    Steuben is entitled to pre- and post-judgment interest of any damages award.

i.    Steuben is entitled to an award of attorneys' fees incurred in this litigation.

j.    Steuben is entitled to an award of costs and such other relief in law or equity as the Court deems just and proper.

k.    Defendant is not entitled to any relief on its counterclaims.

## VIII. Defendants' Statement of Proof

69.    Defendants' statement is based upon the current status of the case and the Court's current rulings. Defendants reserve the right to revise this statement based on Plaintiff's statement of intended proof or any further decisions or orders of the Court.  Defendants incorporate by reference the uncontested statement of facts as well as Defendants' statements of contested facts and issues of law in Exhibits 1, 3, and 5, respectively. The following statements are not exhaustive, and Defendants

19

reserve the right to prove any matters identified in their pleadings, contentions, interrogatory responses, or expert reports.

70.    At trial, Defendants intend to establish, through their presentation of evidence, that:

a.    The asserted claims of the '188, '591, and '985 Patents are invalid under 35 U.S.C. §§ 102, 103, and/or 112.

b.    Plaintiff failed to prove Defendants infringed any asserted claim of the '591, '188, and '985 Patents.

c.    Plaintiff failed to prove any alleged infringement of the '591, '188, and '985 Patents was willful.

d.    The doctrine of intervening rights prohibits Plaintiff from obtaining any damages for any reexam claim that was issued after the accused product was sold, imported, and/or in use.

e.    Plaintiff's ability to recover for any alleged infringement is limited by the failure of Steuben and/or its licensees to meet the requirements of 35 U.S.C. § 287.

f.    Plaintiff failed to prove it is entitled to any damages, including a reasonable royalty, lost profits, enhanced damages, pre- or post-judgment interest, attorneys' fees, costs, or any other relief.

g.    A judgment against Plaintiff that this case is exceptional under 35 U.S.C. § 285 and an award for attorneys' fees and such further relief in law or equity as this Court deems just and appropriate.

## IX.    Motions *in Limine*

71.    Steuben's *in limine* motions, and Defendants' oppositions thereto and Steuben's replies, if any, are attached as **Exhibit 12**.

72.    Defendants' *in limine* motions, and Steuben's oppositions thereto and Defendants' replies, if any, are attached as **Exhibit 13**.

## X.    Amendments to Pleadings

73.    The parties do not expect to file amended pleadings in advance of trial.

## XI.    Settlement

74.    The parties hereby certify that they have engaged in a good faith effort to explore resolution of the controversy by settlement.  The parties have participated in a mediation session and, through their respective counsel, have considered the possibility of settlement.  It was determined that the matter could not be resolved at this juncture by settlement.

## XII.   Discovery.

75.    Each party has completed discovery.

## XIII.  Number of jurors

76.     There shall be eight jurors. The Court will conduct jury selection through the "struck juror" method, beginning with the Court reading voir dire to the jury panel in the courtroom, continuing by meeting with jurors individually and addressing any challenges for cause, and concluding with peremptory strikes.

## XIV.  Length of Trial

77.     Trial is scheduled to begin at 9:30 a.m. on November 15, 2021, with subsequent days beginning at 9:00 a.m., until the case is submitted by the jury for deliberations.   The jury will be excused each day at 4:30 p.m.   The parties respectfully suggest that 5 trial days are needed for trial with the trial concluding on November 19, 2021.

78.     The trial will be timed.  The parties propose **11 hours** for each side's presentation of its case, including opening statements and an additional **1 hour** for each side's closing argument.

79.     Unless otherwise ordered, time will be charged to a party for its opening statement, direct and redirect examinations of witnesses it calls, cross-examination of witnesses called by any other party, closing argument, and sidebar objections on which it loses.  The Courtroom Deputy will keep a running total of trial time used by counsel.

80.     The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom, or at the end of the day after the jury has been dismissed.  The parties agree that such motions will be raised with the Court at the first break after the appropriate point during trial so that the Court may inform the parties when such motions will be heard and whether the Court wishes to receive briefing.

81.     The Order of presentation of evidence will be as follows:

a.      Opening statements (Steuben first, followed by Defendants);

b.      Steuben's presentation of evidence of issues for which Steuben bears the burden of proof (*i.e.*, infringement and damages);

c.      Defendants' presentation of evidence rebutting Steuben's presentation and Defendants' presentation of evidence on issues which Defendants bear the burden of proof (*i.e.*, invalidity);

d.      Steuben's presentation of evidence rebutting Defendants' presentation of evidence on issues for which Defendants bear the burden of proof **[Defendants' Position:** and Steuben's presentation of evidence on alleged secondary considerations of non-obviousness**]**;

e.      **[Defendants' Position:** Defendants' presentation of evidence rebutting Steuben's presentation on alleged secondary considerations of non-obviousness**]**; and

23

      f.     Closing arguments (Steuben first, followed by Defendants, followed by Steuben's rebuttal).

## XV.  Trial Disclosure Schedule

82.    The parties will exchange demonstratives to be used in opening statements by 1:00 p.m. the day before opening statements. The parties will provide any objections to such demonstratives by 4:00 p.m. the day before opening statements. The parties shall meet and confer on any objections no later than 7:00 p.m. the day before opening statements.

83.    By 6:30 p.m. three days prior to each day of trial, the parties shall disclose by e-mail, for any witnesses that the party intends to call by deposition, a list of the deposition designations the party ("Offering Party") intends to play/read and any exhibits to be introduced during the deposition testimony. By 6:30 p.m. the next day (i.e., two days prior to the deposition designation being played or read to the jury), the other party must provide any objections to the disclosed deposition designations as well as any counter-designations and exhibits to be introduced through the counter-designations. By 6:30 p.m. the next day (i.e., one day prior to the deposition designation being played or read to the jury), the Offering Party must provide any objections to the disclosed counter-designations and exhibits. The parties shall then meet and confer on any objections to affirmative or counter

deposition designations or exhibits by 9:00 p.m. the day prior to the deposition designations being played or read to the jury.

84.     Each witness will be called by deposition designation only once. Therefore, if Plaintiff calls a witness by deposition in its case-in-chief that Defendants were planning to call (and are permitted to call) by deposition in their case-in-chief or if Defendants call a witness in their case-in-chief that Plaintiff was planning to call (and is permitted to call) by deposition in its rebuttal, the party providing counter-designations ("Counter-Offering Party") may also include its own affirmative designations (beyond the scope of its counter-designations) in its 6:30 p.m. exchange two days prior to the deposition designations being played/read to the jury. The offering party may then provide any counter-designations to the Counter-Offering Party's affirmative designations in its 6:30 p.m. exchange the day prior to the deposition designation being played or read to the jury). Any objections to the Offering Party's counter-designations or exhibits must be provided no later than 8:30 p.m. the night before the deposition designation is to be played or read to the jury. The parties shall then meet and confer on the objections by 9:00 p.m.

85.     By 6:30 p.m. two days prior to each day of trial, the parties shall disclose by e-mail a list of witnesses that the party intends to call for direct examination, the order the party expects to call the witnesses, and the method of

testimony (i.e., live or by deposition). For each live witness, the party must identify in the e-mail any exhibits it intends to use with that witness.

86.     By 8:00 p.m. one day prior to each day of trial, the parties shall disclose by e-mail any demonstrative that the party intends to use during the next day's direct examination.

87.     Any objections to a witness, exhibit, or demonstrative will be provided no later than 9:00 p.m. the night before the intended testimony or use of an exhibit or demonstrative. The parties shall then meet and confer on the objections by 9:30 p.m.

88.     If good faith efforts to resolve any objections fail, the party objecting shall bring its objections to the Court's attention at the start of the next trial day before the witness is called or exhibit or demonstrative is shown to the jury.

89.     The parties will not exchange demonstratives to be used in closing statements.

90.     By 6:30 p.m. two days before the party that is presenting its case-in-chief expects to rest, its counsel shall provide to counsel for the other party an estimate of when it expects to rest.

91.     Three days before the first day of trial (i.e., currently November 12, 2021) the parties shall make available for inspection any physical exhibits to be used at trial, labeled with an exhibit number, whether such physical exhibits will be

admitted into evidence or used as demonstratives. For purposes of clarity, such physical exhibits do not include document trial exhibits or graphical demonstratives, which are subject to the disclosure provisions above.

## XVI.  Additional Matters

92.    Additional matters which the Parties wish to bring to the Court's attention are contained in **Exhibit 14**.

### A.    Jury Notes

93.    The parties agree that jurors be permitted to write notes during the presentations of the parties and that jurors will be permitted to bring these notes into the deliberation room.  The parties propose that jurors be instructed not to exchange or share their notes with other jurors (though they may discuss the contents of their notes) and that the jurors' notes be collected by the clerk each evening after the jury has been excused and collected and destroyed without review after the jury is discharged.

### B.    Handling of Confidential Information at Trial

94.    The parties will limit the amount of time (if any) that they seek to seal the Courtroom during the trial.

95.    The parties agree to follow the provisions in the Protective Order regarding the confidentiality of exhibits used at trial.  Insofar as the Protective Order restricts the dissemination and use of "Confidential Information," including documents marked "Confidential" "Highly Confidential," or "Outside Attorneys'

Eyes Only" such restrictions shall not apply to the introduction of evidence at trial. To the extent such documents are published to the jury at trial on monitors, this shall not constitute a violation of the Protective Order.

### C.   Set-Up of Electronic and Computer Equipment

96.     The parties request that the Court grant access to the Courtroom on Friday, November 12, 2021, to allow the parties to set up electronic equipment to be used during trial.  To the extent that both sides will be sharing common equipment in the Courtroom, each side will share the cost of that equipment.

### D.   Federal Judicial Center's Patent Video

97.     The parties request that the Federal Judicial Center's video, "The Patent Process: An Overview for Jurors," be played to jurors during the Preliminary Jury Instructions and the jurors will be provided with a copy of the sample patent referenced in the video, while the video is playing.   *See* https://www.fjc.gov/publications/patent-process-overview-jurors.

## XVII. Order to Control Course of Action

98.     This Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

99.     The parties reserve the right to seek leave to supplement or amend this Final Pretrial Order based on subsequent events or by agreement.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED:_____          _____
                                 Chief Judge Connolly
                                 United States District Judge