

John W. Shaw
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0701
jshaw@shawkeller.com

November 17, 2021

**BY CM/ECF & HAND DELIVERY**
The Honorable Colm F. Connolly
United States District Court
844 N. King Street
Wilmington, DE 19801

Re:  *Steuben Foods, Inc. v. Shibuya Hoppmann Corp.*
     C.A. No. 19-2181-CFC-CJB

Dear Chief Judge Connolly,

At Your Honor's request, undersigned counsel, on behalf of Defendants Shibuya Hoppmann Corp., Shibuya Kogyo Co., Ltd., and HP Hood LLC submit this letter brief addressing the Defendants' Rule 50 motion that the Court enter judgment as a matter of law that Plaintiff Steuben has failed to introduce evidence sufficient to show that either Shibuya entity committed an act of infringement for the '591 patent.

The relevant facts are straightforward and largely stipulated in the Final Pretrial Order. Steuben has only asserted claim 26 of the '591 patent against Shibuya and Hood, and only as to the P7 line. Claim 26 issued from reexam on November 25, 2013. PTO, Ex. 1. I. 3. Before then, Shibuya Kogyo and Hood signed the purchase agreement for the P7 line on February 26, 2013. *Id*. at II.3. So that cannot be an act of infringement.

The parties have stipulated that, following issuance of claim 26, the P7 line was imported into the U.S. "on or about January 29, 2014." That is the next possible act of infringement. But there is no agreement as to *who* imported the P7 line. *Id.* at II.6.  And the evidence introduced at trial has not addressed that unanswered question. The only evidence as to importation appears in a single response to a question—and even that only touches on what was agreed, not who ultimately imported the P7 line:

**SHAW KELLER LLP**
Page 2

```
4            "Question:  Okay.  And what do you know about
5     the terms of the importation?
6            "Answer:  They were FOB Japan, and there was a
7     company, I think -- I think Mexi or Mecky, who did the
8     importation from the port to the U.S.
```
Trial Tranx, Day 2, page 494

As a consequence, Steuben has failed to meet its basic burden to show that either Shibuya entity committed an act that could qualify as infringement of claim 26 of the '591 patent.

The Court should therefore enter judgment as a matter of law that neither Shibuya Hoppmann Corp., nor Shibuya Kogyo Co., Ltd. committed an act of infringement for claim 26 of the '591 patent.

Respectfully,

*/s/ John W. Shaw*

John W. Shaw (No. 3362)

cc: Clerk of the Court (via CM/ECF & Hand Delivery)
    All Counsel of Record (via CM/ECF & Email)